B. O. KEATON, administrator, plaintiff in error, *vs.* JOHN B. MULLIGAN, defendant in error.

An award of arbitrators is conclusive as to all matters submitted to them by the parties, but if it is *doubtful*, from the terms of the submission, whether certain matters were submitted to and passed upon by the arbitrators, it is competent for the Court to admit evidence as to the truth of the facts of the case, and then to charge the jury as to the law applicable thereto.

It is competent to introduce evidence to shew a non-compliance with the terms of an award, inasmuch as that does not impeach the award, but merely goes to show a non-compliance with the terms of it.

If the Judge, by oversight, omit to sign the certificate to a bill of exceptions, and it comes to this Court uncertified, the papers may be withdrawn to cure this defect; and a certificate by the Judge that this was his fault, thus explaining the delay, will make the cause stand properly for hearing at the next term of this Court, and it will not be dismissed because the bill of exceptions was not certified in the time prescribed by law. (R. See end of Report.)

Arbitration. Evidence. Practice Supreme Court. Before Judge HARRELL. Early Superior Court. October Term, 1871.

Mulligan and Benjamin W. Keaton, by his agent, B. O. Keaton, submitted to two, as arbitrators, and an umpire, to be chosen by the two, if they disagreed, this matter, viz: 1st. Mulligan claims to have bought, in good faith, two thousand acres of land, more or less, with the stock of every description, and provisions of every description, on said plantation, belonging to said B. W. Keaton, in Early county, excepting a portion of the household furniture, a carriage and two mules, for the sum of $12,000 00, in specie; which said Keaton denies, but claims that such sale was made by a representation from said Mulligan, that his father advised such sale, subsequent to sale as claimed to have been made. Both of the parties agreed, after a misunderstanding between them, to submit all the matters in controversy between them to arbitration. "Now, the said parties do agree to bind themselves

as aforesaid, to submit all the matters in controversy between them, both the said purchase and sale and services of said Mulligan, as said Keaton's agent, prior to such trade." The arbitrators, without an umpire, awarded that " B. W. Keaton retain all the property, both real and personal, sold by him to John B. Mulligan, and that the said Keaton pay to said Mulligan $1,800 00 in currency."

Mulligan sued Keaton for the said $1,800 00, averring that he, Mulligan, had fully complied with said award, but that Keaton would not. Benjamin W. died, and B. O., his administrator, was made defendant. The pleas were the general issue, set-off of $5,000 00, due deceased by reason of Mulligan having converted certain personalty with which deceased had intrusted him, and that he offered Mulligan the $1,800 00 if Mulligan would turn over to him the said property awarded to him, but Mulligan would not turn it over.

When plaintiff's counsel offered as evidence said submission and award, defendant's counsel objected, because it did not appear from the papers that the arbitrators were sworn ; because no notice of the time and place of hearing was given to deceased ; and, last, because said award is not definite and final. The objection was overruled, and the papers were read to the jury.

The defendant then offered to shew that deceased had intrusted Mulligan with all the property which was the subject matter of the arbitration, as his agent, but the Court would not allow it. He also offered evidence to show that Mulligan retained part of the property, covered by said award, and refused to deliver it to deceased, and converted it to his own use, and its value, etc. But the Court ruled out this evidence, holding that defendant was confined to fraud, accident, mistake, etc., in attacking the award.

Defendant's counsel requested the Court to charge the jury that it was Mulligan's duty to restore, or offer to restore, the property covered by the award, or account for what could

Keaton *vs.* Mulligan.

not be restored, before he could recover the $1,800 00, and if Mulligan refused to do so, he could not recover; if he had sold any part of said property, its value must be deducted from said $1,800 00; if the arbitrators were not sworn before they acted, the award is null.

The Court refused so to charge, but charged, " The jury will not regard any evidence offered concerning the property covered by the submission, except such as referred to the fraud, accident or mistake of the arbitrators in making the award. If the parties agreed to submit the matter to arbitrators without having them sworn, the award was good without their being sworn, and the jury should find whether the parties intended that the arbitrators should be sworn."

The jury found for Mulligan for $1,800 00, with interest and costs. Defendant moved for a new trial upon the grounds that the verdict was contrary to law and evidence; because the Court erred in not rejecting the submission and award on the objections aforesaid ; because of the rejection and ruling out of the evidence aforesaid, and because the Court refused to charge as requested and charged as aforesaid. The Court refused a new trial, and that is assigned as error on said grounds.

(When the bill of exceptions was handed to the Judge he sent it to the Clerk below without signing the usual certificate of its correctness. The Clerk sent it and the record to this Court, and they were here filed and entered on the docket of January Term, 1871. When it was found that the certificate was not signed, this Court allowed plaintiff in error to withdraw " said papers from the files of this Court to have them perfected as prescribed by law in such cases." Accordingly the papers were resubmitted to the Judge below, he certified that his failure to sign was an oversight and that the delay was by his fault, and certified the bill of exceptions long after the thirty days after the refusal of new trial were passed. The Clerk below again sent the bill of exceptions and record to this Court, and they were filed as of

July Term, 1871.   A motion to dismiss the case because not properly returnable to this term was overruled.)

J. E. Bower; R. H. Clark, for plaintiff in error.

Ingram & Crawford; Hood & Kiddoo, for defendant, as to stamps, cited 39 Georgia Reports, 186.   As to finality of awards: 1 Vesey, Jr., 369; Caldwell on Arb., 152, note, and to dismiss bill of exceptions, Constitution of 1868, article 5, section 3.   Rules of Court and 41 Georgia Reports, 33.

Warner, Judge.

This was an action brought by the plaintiff against the defendant on a common law award.   From the written submission of the matters in controversy between the parties, it is doubtful whether any other matters were submitted to the consideration of the arbitrators and decided by them than the validity of the sale of the plantation and stock thereon, and the services of the plaintiff, as agent of the defendant, prior to the sale.   The award of the arbitrators is, that the sale be set aside, and that it is fair and equitable that the defendant should retain the property sold by him to the plaintiff, and that the defendant should pay to the plaintiff the sum of $1,800 00.   On the trial of the case, it appeared that the plaintiff was in possession of the property, as the agent of the defendant, at the time of the pretended sale thereof.   The defendant offered to prove that the plaintiff had not complied with the terms of the award in turning over the property which was in his possession, as the agent of the defendant, and which he claimed under the pretended sale; which evidence so offered was rejected by the Court. The jury found a verdict for the plaintiff, under the charge of the Court, as to the conclusiveness of the award, and a motion for a new trial was overruled, and the defendant excepted.   The award was conclusive as to all matters submitted to the arbitrators; but if it is *doubtful*, from the terms of

the submission, whether certain matters were submitted and passed upon by the arbitrators, the Court should have admitted the evidence as to the facts of the case, and then have charged the jury as to the law applicable thereto. It was competent for the defendant to have shown, on the trial, that the plaintiff had not complied with the terms of the award in turning over to the defendant all the property which he pretended to have purchased, and which the award authorized the defendant to retain; inasmuch as that would not have impeached the award, but merely have shown a non-compliance therewith on the part of the plaintiff.

Judgment reversed.