### 13545.   LOTT-LEWIS COMPANY *v.* BINGHAM-HEWETT GRAIN COMPANY.

Whether the alleged contract was within the statute of frauds is a question not properly before this court.

The evidence demanded a finding that a valid and binding contract existed between the parties by reason of the telegrams and letters that passed between the plaintiff and the broker, who, under the evidence, was agent for both parties, although he testified that he did not consider himself the agent of the defendant in the transaction.

A valid and binding contract having been made, the defendant's subsequent refusal to sign a formal written contract tendered by the plaintiff was immaterial; and it was immaterial whether this tendered contract contained material variations from the previous contract.

Conflict of evidence as to the market price of the goods was immaterial, as the action was based on that part of section 4131 of the Civil Code (1910) which provides that where a purchaser refuses to take and pay for goods bought, the vendor " may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale."

An indefensible breach of the contract by the defendant was shown, no material issue of fact was made by the evidence, and the direction of the verdict in favor of the plaintiff was not error for any reason assigned.

> DECIDED JULY 11, 1922.

Action on contract; from city court of Brunswick — Judge Butts.   September 29, 1921.

*F. M. Scarlett Jr., J. T. Colson,* for plaintiff in error.

*Bennet, Twilly & Reese,* for defendant.

BROYLES, C. J.   This was a suit for damages for the breach of

an alleged contract. . Upon the trial the defendant after the introduction of evidence by the plaintiff moved for a nonsuit, upon the ground that the evidence showed that the alleged contract was within the statute of frauds. This motion was overruled, but the judgment overruling the motion was not excepted to. After the introduction of evidence by the defendant, and additional evidence by the plaintiff and by the defendant, the court directed a verdict in favor of the plaintiff for the full amount sued for, and the defendant excepted to the direction of the verdict, and also to the judgment entered thereon. In the bill of exceptions the direction of the verdict is assigned as error upon various grounds, but in the brief of counsel for the plaintiff in error only two of these grounds are insisted upon, to wit, (1) that the evidence for the plaintiff showed that the transaction between the parties was within the statute of frauds; and (2) that there were material issues of fact which should have been submitted to the jury. As to the first ground, it is stated in the brief of counsel for the plaintiff in error that "there are but two methods of taking advantage of the statute of frauds,— either by special plea or by motion for nonsuit." Conceding (but not deciding) that this is correct, this ground is without merit, since the defendant had no special plea as to the statute of frauds, and did not except to the judgment overruling the motion for a nonsuit.

As to the second ground, after a careful consideration of the evidence, oral and documentary, we have come to the conclusion that a finding was demanded that a valid and binding contract existed between the parties by reason of the telegrams and letters that passed between the broker and the plaintiff. Under the evidence it is clear that the broker, in the transaction involved, was not only the agent of the plaintiff, but was also the agent of the defendant, and this is true although the broker testified that he did not consider himself the agent of the defendant in the transaction. See, in this connection, *Brooke* v. *Cunningham*, 19 *Ga. App.* 21 (4) (90 S. E. 1037); *Herbener* v. *Cuero Cotton Oil & Mfg. Co.*, 25 *Ga. App.* 440 (103 S. E. 828); *Lysle Milling Co.* v. *Whitfield Grocery Co.*, 26 *Ga. App.* 217 (106 S. E. 8). A valid, binding contract having been made by the letters and telegrams exchanged by the broker and the plaintiff, it was immaterial that the defendant subsequently refused to sign a formal written con-

tract tendered by the plaintiff, and it was also immaterial whether or not this formal contract contained material variations from the contract previously agreed to by both parties. *Herbener* v. *Cuero Cotton Oil & Mfg. Co.,* supra.

The evidence clearly disclosed an indefensible breach of the contract by the defendant, and it appears from the petition that the plaintiff sought to recover damages therefor under the second provision of section 4131 of the Civil Code of 1910, which provides that where a purchaser refuses to take and pay for goods bought, the vendor may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale. Under these facts the conflict in the evidence as to the market price of the goods was immaterial. In fact all the evidence as to the market price was immaterial and irrelevant.

There were some other immaterial issues of fact in the evidence, but there were no material issues of fact, and the verdict directed in favor of the plaintiff was the only legal one that could have been returned under the pleadings and the evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*