18435. STRIPLING *v.* CRISP COUNTY LUMBER COMPANY.

JENKINS, P. J. 1. A married woman having a separate estate may engage her husband to act as her agent in the transaction of any business she may have, and, if she does so, his acts as such agent stand, as to her and the world, as do the acts of any other agent. *Wells* v. *Smith,* 54 *Ga.* 262. But even if he purports to act as her agent, persons dealing with him are bound to inquire as to his authority so to act. *Mickleberry* v. *O'Neal,* 98 *Ga.* 42, 51 (25 S. E. 933). The mere fact that a wife may have received the benefit of goods bought by her husband on his own credit would not, whether he was solvent or insolvent, make her. liable in law to the seller for the price of such goods. *Hightower* v. *Walker,* 97 *Ga.* 748 (25 S. E. 386). Thus, where the wife is the owner of a tract of land upon which a house is erected out of materials furnished solely on the credit of her husband, she is not rendered liable for the value of such materials, unless it be made to appear that she was the concealed principal of her husband, and that the husband was in fact acting as her agent when he purchased the materials. *Blount* v. *Dugger,* 115 *Ga.* 109 (4 S. E. 235).

2. Where an agent dealing with another person acts for and on behalf of his principal without disclosing his agency, and in his individual capacity contracts for the benefit of the concealed principal, the other

party may, on discovering the concealed agency, elect to hold either the principal or the agent under the terms of the agreement. While it has been recognized that in cases of husband and wife, where all the consideration of a debt reaches the wife as an accession to her separate estate, slight evidence might be sufficient to show that the husband in making the contract was in fact acting as the concealed agent of his wife (*Akers* v. *Kirke*, 91 *Ga.* 590, 18 S. E. 366), this principle could not have application so as to establish the fact of a concealed agency in a suit against the wife for a balance due on an account of which four fifths had been paid by the husband, where it appears that at the time the credit was extended to the husband upon an instrument in writing, signed by the husband in his individual capacity, and the goods as furnished were charged to the husband on the books of the plaintiff, the plaintiff was aware of every fact now urged as establishing a concealed agency, including the fact that the goods and materials furnished were going to the improvement of property owned by the wife.

3. In accordance with the foregoing principles of law, the verdict in favor of the plaintiff was altogether unauthorized by the evidence.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided May 22, 1928.

*C. L. Harris,* for plaintiff in error. *W. H. Dorris,* contra.