### 29997. NORTHWEST ATLANTA BANK v. WILLINGHAM.

FELTON, J. 1. Where an agent, acting for and in behalf of his principal without disclosing his agency, in his individual capacity contracts for the benefit of his undisclosed principal, the party with whom he contracts, though he has extended credit to the agent, may, on discovering the agency and the previously undisclosed principal, elect to hold the principal bound. *Stripling* v. *Crisp County Lumber Co.*, 38 *Ga. App.* 224 (143 S. E. 433).

2. "Where a sale of goods has been made, in the absence of proof of either contract or custom concerning payment therefor, the presumption is that the amount is payable on delivery." *Morris* v. *Root*, 65 *Ga.* 686 (3).

3. Under the evidence the judge, trying the case without a jury, was authorized to find that the plaintiff (defendant in error) sold the goods, at the price for which the action was brought, to an individual on his own credit, and, after discovering that such individual was acting in the purchase as agent for the plaintiff in error, elected to hold it responsible instead of the agent; and to further find that the goods were delivered on the dates shown by the delivery tickets, and were not paid for. There being no evidence as to when payment should have been made, there was a presumption that it would be on delivery of the goods. The interest found by the judge to be due was not excessive.

4. None of the grounds of the motion for new trial shows error. The court did not err in overruling the motion.

        *Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*

    DECIDED MARCH 19, 1943. REHEARING DENIED MARCH 30, 1943.

*C. D. Stewart, C. N. Davie,* for plaintiff in error.