35165.   LUCKIE *v.* MAX WRIGHT, INC.

DECIDED MAY 13, 1954—REHEARING DENIED JUNE 1, 1954.

*John L. Westmoreland, John L. Westmoreland, Jr.,* for plaintiff in error.

*Houston White, Emory Schwall, W. Stell Huie, David A. Heuett,* contra.

TOWNSEND, J. ■ Special ground 4 contends that the court erred in charging the jury as follows: "Where an oral contract to furnish labor and material for the improvement of real estate is entered into by two parties and a contract price is agreed upon but the time of payment of said contract price is not agreed upon, it is implied as a term of the contract that payment of the contract price be made upon the completion of the contract by the party furnishing the labor and the materials for the improvement of the real estate." In connection with this portion of the charge, the court also charged that the jury was to determine whether or not a valid oral contract existed between the plaintiff and the defendant on November 30, 1950, and, if not, a verdict for the defendant should be returned; and the court also charged that, before a contract can result, "it is necessary that there be a mutual assent or meeting of the minds of the parties about the same thing in the same sense, including the terms of the contract, and amount and time of payment and the method and manner and time of performance of the conditions of the contract." Construing the charge as a whole, the excerpt complained of could not have been construed by the jury as an opinion of the court that a contract had been entered into, nor could it have confused them as a contradictory statement that the time of payment, where no time was explicitly agreed upon, is impliedly upon the completion of the contract, and also that there must be mutual assent as to all the terms of the contract including time of payment thereof. The reason for the implication arising that payment on a contract is due when the contract is completed is inherent in the proposition that it is usual and natural in the ordinary course of things to pay for things when they are received, since one party, having fulfilled his obligation, is entitled to like performance by the opposite party on a contract, and since, if this course is not intended by both, it will be otherwise stipulated. As to goods sold, the presumption, in the absence of proof of a contract or custom to the contrary, is that payment is due on delivery. *Northwest At-*

*lanta Bank* v. *Willingham,* 69 *Ga. App.* 258 (25 S. E. 2d 154). Liens of laborers arise upon the completion of their contract of labor. Code § 67-1803. It follows, therefore, that where a contract involving goods and services is involved, and no stipulation to the contrary is included therein, and no custom to the contrary proved in evidence, payment will be presumed due when the contract is completed. Accordingly, there was no error in so charging. This ground is without merit.

■ In special ground 5 it is contended that the court erred in charging in effect that, should the jury find that an oral contract was entered into on November 30, 1950, it would be immaterial that the defendant refused to sign a written contract subsequently to that date, and it would also be immaterial that the tendered written contract contained material variations from the oral contract previously agreed upon.. In *Lott-Lewis Co.* v. *Bingham-Hewett Grain Co.,* 28 *Ga. App.* 728 (113 S. E. 222), it is held as follows: "A valid and binding contract having been made, the defendant's subsequent refusal to sign a formal written contract tendered by the plaintiff was immaterial; and it was immaterial whether this tendered contract contained material variations from the previous contract." See also *Herbener & Sons* v. *Cuero Cotton Oil & Mfg. Co.,* 25 *Ga. App.* 440 (103 S. E. 828.) This ground is without merit.

■ In special ground 6 error is assigned on the following excerpt from the charge, on the ground that it is an expression of opinion and an instruction on the wrong measure of damages: "Where one employs another to furnish the labor and material and to do the work necessary for the improvement of real estate but renounces the contract prior to the time when the contractor has incurred any expense toward the performance thereof, the recovery for the breach of the contract is the difference between the contract price and what it would have cost the contractor in labor and materials to have performed the contract." In special ground 7, error is assigned on an excerpt from the charge as follows, on the ground that it allowed the jury to base their verdict upon their own experience and disregard the evidence in the case: "If you find the plaintiff is entitled to recover, the form of your verdict would be, 'We, the jury, find for the plaintiff the sum of $_____' which is stated in the petition

as $4,089.22—it may not exceed that and it may be any amount less than that that the jury determines that the plaintiff is entitled to if it is entitled to recover." These grounds will be considered in connection with one of the contentions under the general grounds, to the effect that, the contract price being alleged as $16,537.50 and the cost of performance alleged as $12,448.28, there was no evidence to support a verdict in the sum of $3,112.50.

The excerpt complained of in special ground 6 is taken from the headnote in *Campbell & Co.* v. *Mion Bros.*, 6 *Ga. App.* 134 (3) (64 S. E. 571), and is a correct statement of the law. As hereinabove pointed out, the court made it clear that the jury was to determine whether or not a contract was in existence, and this excerpt is not an expression of opinion that the contract did in fact exist. The defendant contends that the court should have stated the measure of damages as "the difference between the contract price and what it would have reasonably cost to have performed the contract."

The rule is as stated by the trial judge in his charge. However, in proving what it would cost the contractor to have completed the job, the evidence is necessarily restricted to its reasonable cost to him. There was evidence here as to the items of material and the labor of installing them, which evidence was based on testimony as to estimates from which the contract price was determined. In some instances the cost of the material itself could be arrived at with a fair degree of accuracy, thus eliminating the element of estimation (as where the plaintiff actually ordered certain equipment at a certain price), but the labor for installation must necessarily depend upon the estimation of such cost by the witnesses. It follows, therefore, that in cases such as these the proof of the cost to the contractor must be restricted to amounts that are reasonable, and the testimony of any witness is subject to attack by cross-examination and by contradictory testimony by other witnesses tending to show the cost sought to be established to be unreasonable in amount. The nature of the testimony seeking to show the cost of the labor and material to complete the contract is therefore opinionative and is subject to the rule of evidence that the question of the value of an article is peculiarly for the jury, which is not abso-

lutely bound by the opinions or estimates of witnesses on the subject. *Minchew* v. *Nahunta Lumber Co.*, 5 *Ga. App.* 154 (62 S. E. 716). "Opinion testimony as to the value of property sued for is not absolutely binding on jurors although such testimony may not be contradicted by any other evidence in the case." *Watson* v. *Tompkins Chevrolet Co.*, 83 *Ga. App.* 440 (3) (63 S. E. 2d 681). Here, while the plaintiff did not sue to recover the value of property, it sued to recover a sum of money which could not be ascertained until the value of property was determined and deducted from the contract price. It was therefore proper to charge that the jury might find an amount less than that sued for which they determined the plaintiff would be entitled to recover, if it was entitled to recover under the evidence in the case. Such a charge was not tantamount, as contended, to allowing the jury to disregard the evidence. The charges complained of here did, however, properly leave a question for jury determination as to the amount the plaintiff would be entitled to recover if the jury found that a contract in the sum of $16,537.50 had been entered into by the parties. The charges were legally correct, and, under the rules relating to the determination of value herein set forth, the verdict in a sum less than that sued for was authorized under the evidence.

■ Special ground 8 assigns error on an instruction of the court that, as to 4 of the plaintiff's exhibits—consisting of sealed envelopes containing letters of the plaintiff addressed to the defendant, and returned unopened through the mail to sender— the jury might, if they desired, open the envelopes and read the letters, since the entire letters were in evidence. Special ground 10 complains that, as to one of these letters, counsel for the plaintiff, in his argument to the jury, started to open and read the same in the course of his argument, to which counsel for the defendant objected on the ground that only the envelope in its sealed condition was in evidence and the attorney had no right to open the same, which objection was overruled by the court. The sealed envelopes with the letters therein were introduced in evidence without objection.

Since error, to be reversible, must be harmful, it becomes unnecessary to decide whether or not the introduction into evidence

of a sealed envelope containing a letter, without objection, constitutes introduction of the letter together with its contents, which was the understanding of the court and the attorney for the plaintiff, or only an introduction into evidence of the envelope itself, which was the understanding of the attorney for the defendant. It was admitted by both parties that there was, on January 12, 1951, a telephone conversation between Max Wright, president of the plaintiff corporation, and Earl Harwick, the defendant's agent. Wright testified, as to this conversation, that Harwick in the conversation breached the contract by informing him that he did not wish the plaintiff here to proceed with the contract. Harwick, on the other hand, contended that this did not occur, but testified that in the conversation Wright withdrew his bid and proposal. On January 17, Harwick wrote Wright, stating he was confirming the telephone conversation of January 12 to the effect that the plaintiff withdrew his proposal and bid, which withdrawal was accepted, and that all negotiations were canceled. The four letters in the four sealed envelopes were identical, were dated January 19, and all represented a reply to the letter of January 17, in which letter Max Wright stated that the January 17 letter was incorrect, that no withdrawal was made or accepted, and that a contract was in force and effect between the parties. From the envelopes it appears that the identical letters were mailed out on different dates, and that each was returned unopened to the sender.

Code § 38-120 provides as follows: "In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from the other to answer it in a reasonable time. Otherwise, he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent and to adopt them." These letters were, therefore, certainly admissible in evidence to rebut the presumption that the plaintiff had acquiesced in the construction placed by the defendant upon their telephone conversation. The letters could at any time have been opened and the contents offered and admitted in evidence. That the plaintiff did not do this was due to the court's ruling that the letters were already in evidence, which in effect was a ruling that they did not need to be introduced separately. Consequently, if there was any error in permitting the letters

to be read without being separately introduced (which we do not decide), it was not harmful to the complainant, for the decision had the same effect, and the letters were proper documentary evidence to go before the jury. It cannot be argued that the plaintiff might not have introduced the enclosures in evidence, for the plaintiff, and also the court, thought that he had introduced them, and that they were already in evidence. These grounds, therefore, are without merit.

■ Special ground 9 assigns error on the testimony of the plaintiff's chief witness as follows, "My price on the sheet metal work was $3,450. . . That's based on a written quotation from the Pridgen Roofing Company," on the ground that such testimony was inadmissible because it was hearsay. The quotation itself was in evidence, and the witness was going over his estimate sheet in order to make clear the figures upon which his contract price was based. In *Savannah, Florida &c. Ry.* v. *Hoffmayer*, 75 *Ga.* 410 (1), it was held: "It was competent for the plaintiff to testify as to . . . value [of damaged goods] although he had a written bill showing the cost of the goods." It is sometimes almost impossible, in long and complicated sheets of figures, not to repeat facts which are already in evidence by means of written instruments which constitute the highest and best evidence of such facts. No objection appears to the introduction of the quotation in evidence, and the defendant would have been able, by cross examination of the witness, had he desired, to establish whether the witness believed, or knew, that this and other quotations upon which he based his estimated cost in arriving at the contract price were reasonable. It was not error, therefore, to overrule the objection to this testimony.

■ In a consideration of the general grounds, the evidence was in sharp dispute. It would have authorized the jury to find, on the one hand, that no oral contract had ever been entered into between the parties for the air-conditioning of the building under construction; that the plaintiff made certain bids, withdrew them, and later submitted a written contract which was rejected by the defendant. On the other hand, the jury was authorized to find, and did find, in favor of the plaintiff's contentions that a valid oral agreement existed between the parties

for doing this work, for a sum certain, the work to be done by installation as the progress of the building indicated at various stages of completion; and that the plaintiff, pursuant to this oral contract (which was made in reference to and dependent upon written plans of the defendant and written specifications of the defendant, the details of which were agreed between them), entered into performance by buying certain material at the defendant's order, by making certain arrangements with the lessee and also with the Smoke Abatement Bureau of Atlanta, also under the defendant's direction, and also actually installed the first portions of the equipment before the pouring of the first cement slab for the building. Much of this testimony was contradicted by other testimony. The credibility of the witnesses was essentially for the jury, and there is evidence sufficient to support a finding in favor of the plaintiff. The general grounds of the motion for new trial are therefore without merit.

The trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*