438

## 36042. ALLEN v. HOME SERVICE & CONSTRUCTION, INCORPORATED.

Decided February 23, 1956.

*Frank A. Bowers,* for plaintiff in error.

*Edward D. Wheeler,* contra.

NICHOLS, J. The allegations of the petition and the exhibit attached thereto show that the plaintiff entered into a contract with the defendant corporation under which he was to purchase certain real estate from it. The contract shows that the plaintiff paid to the defendant corporation $500 as earnest money, which $500 was to be applied to the purchase price of the real estate at the time title passed. The contract provided that the only reason the plaintiff would have for not completing the transaction would be "lack of marketable title in the seller." The petition shows that the sale was never consummated, but does not show that the seller breached the contract, that the plaintiff has made any attempt to complete the transaction, or that the seller lacked

marketable title to the property. The plaintiff in his petition alleges that the defendant is not entitled to keep his earnest money because: (1) The contract was never enforceable in Georgia since the contract does not show how the purchase money was to be paid. (2) The amount of broker's commission is not set forth in the contract. (3) The defendant did not have a broker's or salesman's license issued by the Georgia Real Estate Commission and therefore would not be entitled to keep the said $500 as a commission. (4) The defendant corporation is not entitled to keep the said $500 inasmuch as it signed the contract both as seller and as agent and in such dual position it cannot claim a commission for selling its own property.

1. The allegation that the contract was never enforceable in Georgia because it was not set forth how the purchase price was to be paid is without merit because where no method of paying the purchase price is set forth in a contract the presumption (unless the custom of the trade is otherwise) is that it is to be paid upon delivery. See Code § 96-106; *Emery* v. *Atlanta Real Estate Exchange*, 88 *Ga.* 321 (14 S. E. 556); and *Northwest Atlanta Bank* v. *Willingham*, 69 *Ga. App.* 258 (25 S. E. 2d 154).

2. The allegations that the contract did not set forth the amount of broker's commission, that the defendant was not a licensed broker or salesman, and that the defendant could not enforce a contract for a broker's commission when selling its own property, do not aid the plaintiff's petition which shows that the money sought by the plaintiff was paid by him under the contract. Whether or not an agent is qualified under Code Chapter 84-14 so as to be able to collect a broker's commission, or whether the contract would support such an action would not affect the contract for the sale of realty as between the seller and purchaser.

The contract was enforceable as between the seller and the purchaser, the petition did not show that the contract was breached by the seller, or that the purchaser was entitled to refuse to complete the transaction. Therefore, the trial court did not err in sustaining the defendant's general demurrer and thereafter in dismissing the action.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*