## 44882. NEWBY v. MAXWELL.

QUILLIAN, Judge. The plaintiff filed a suit on an account against the defendant in Dooly Superior Court. The defendant filed an answer which alleged that: he was a stockholder in Pleasant Valley Peach Farms, Inc.; the plaintiff had filed suit in Crisp County against that corporation and had obtained a judgment on the same account for which he is now seeking a judgment against the defendant in the present action.

The case went to trial and resulted in a judgment for the plaintiff. The defendant filed a motion for new trial which was overruled. The defendant appealed, and the case is here for review. *Held:*

1. The defendant contends that the judgment was invalid because the verdict and judgment was for "$9,604.35 with interest thereon at the rate of seven percent (7%) as provided by law." He argues that the judgment should have been for $8,053.97 principal plus the interest which had accrued to that date. The defendant insists that the effect of the judgment in the form in which it was entered would allow the plaintiff to receive interest on interest. *Code* § 110-304. The defendant's position is not sound because during the same term the trial judge amended the judgment separating the principal and interest by entering a judgment for $8,053.97 principal and $1,550.38 interest. *Bank of Tupelo v. Collier,* 192 Ga. 409 (15 SE2d 499).

The defendant also argues that the verdict was void because the total amount of the verdict of $9,604.35 is not the aggregate of the principal and interest as of the date of the verdict. His contention is without merit because the verdict and judgment was for a sum less than that which was actually due.

2. The remaining argument presented by the defendant is that the plaintiff should not be allowed to pursue inconsistent remedies. He argues that since the plaintiff had filed suit and obtained a judgment against Pleasant Valley Peach Farms, Inc., on the same account he would be estopped from now proceeding against the defendant. Assuming but not deciding that the plaintiff is pursuing inconsistent remedies, the defendant's contention is without merit. *Code Ann.* § 3-114 provides: "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." (Ga. L. 1967, pp. 226, 247.)

There being no showing that the judgment obtained against the corporation had been paid, the plaintiff has not obtained satisfaction as would prevent bringing of the present action.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

ARGUED NOVEMBER 5, 1969—DECIDED JANUARY 9, 1970.

*Davis & Friedin, Roy B. Friedin,* for appellant.

*Mixon & Forrester, George M. Mixon, Jones, Cork, Miller & Benton, Carr G. Dodson,* for appellee.