46517. PARADIES & COMPANY v.
SOUTHEASTERN PERSONNEL, INC.

ARGUED SEPTEMBER 14, 1971—DECIDED OCTOBER 22, 1971—
REHEARING DENIED NOVEMBER 12, 1971—

*Shoob, McLain & Jessee, Marvin H. Shoob, Christopher D. Olmstead,* for appellant.

*Raborn L. Davis, William Boyd Lyons,* for appellee.

QUILLIAN, Judge. 1. The appellant contends the evidence does not support the judgment. There was evidence for the plaintiff that: there was in fact an understanding between the parties as to the terms of the oral agreement and that the appellant affirmed his agreement to pay the commission; any disagreement between appellant and appellee was not over the amount of commission to be paid, but over the time at which it would be paid; any dispute, if there was one, occurred after Mr. Niebruegge had already accepted employment with appellant, but had not yet reported to work; the dispute was resolved before Mr. Niebruegge reported for work.

This together with the other evidence was sufficient to authorize the trior of fact to find that there was a valid enforceable oral

agreement between the parties. *Luckie v. Max Wright, Inc.*, 90 Ga. App. 243 (1) (82 SE2d 660).

2. The defendant argues that the contract was void because it was an oral agreement within the Statute of Frauds. The evidence authorized a finding that the plaintiff performed his portion of the contract and thereby rendered the Statute of Frauds inapplicable. *Thompson v. Hudson*, 76 Ga. App. 807 (47 SE2d 112); *Cooper v. G. E. Constr. Co.*, 116 Ga. App. 690, 694 (158 SE2d 305).

3. The defendant also contends that the contract was void because it was an oral promise to answer for the debt of another. A finding that the agreement between the plaintiff and defendant was an original obligation rather than a promise to answer for the debt of another was authorized. *Wortham v. Sinclair*, 98 Ga. 173 (2) (25 SE 414). Also, the plaintiff's financial manager testified the terms of the contract were different from the one signed by Niebruegge.

4. The remaining contention of the defendant is that under the contract that Niebruegge signed the defendant would only be liable for one-fifth of the fee because Niebruegge was employed by them for less than six months. However, Mr. Chandler, a witness for the plaintiff testified that the contract with the defendant was different from the one Niebruegge signed, because it was "a fee-paid position" and that the employer is liable for the entire fee if the employee works for him for more than thirty days. He further testified that he discussed this arrangement with Mr. Paradies, the defendant's vice president, during their initial discussion. The judgment was therefore authorized.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*