## 49675. TOWNSEND v. ORKIN EXTERMINATING COMPANY, INC. et al.

PANNELL, Presiding Judge.

Orkin Exterminating Company, Inc., hereinafter referred to as Orkin, brought a complaint against Wendell L. Townsend, doing business as Townsend Roofing Company, hereinafter referred to as Townsend and Continental Casualty Company, hereinafter referred to as Continental, seeking recovery of alleged damages occurring because of an alleged defect in the installation of a roof on a building by Townsend pursuant to a contract with Orkin. Continental was the bondsman for the job. By amendment the architect, in a separate count, was made a party to the complaint and damages were sought against him because of alleged faulty design of the roof area of the building, and alleging that Townsend, Continental and the architect were jointly and severally liable for the damage suffered. Upon the architect's failure to answer, a default judgment was taken against him. Townsend and Continental admitted the contract and the bond, and that Townsend had given a one-year's guaranty on his work, but set up that Townsend had

installed the roof according to the specifications, and that any defect or leaks were caused by third parties. Townsend and Continental made a motion for summary judgment on the pleadings and an affidavit of Townsend attached thereto. Orkin responded with an affidavit of a person whose affidavit qualified him as one experienced in construction and roofing work and he rendered his opinion that the defects were the result of a faulty laying of the roof materials. It appeared also that complainant had a 20-year bond on the roof from the manufacturer of the roofing materials. No roof specifications were introduced in evidence. The trial judge overruled defendants Townsend and Continental's motion for summary judgment and they appealed. *Held:*

1. Assuming, without deciding, that Townsend's affidavit was sufficient to support the claim of proper performance on his part, rather than being a mere conclusionary statement of ultimate facts, the opinion evidence rendered in the affidavit presented by complainant was sufficient to create an issue of fact for a jury's determination and prevent the granting of a summary judgment. See *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395); *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393).

2. The obtaining of the judgment against the architect based upon the theory of the architect's faulty design would not preclude a recovery against Townsend and his bondsman, Continental. "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." Code § 3-114 as amended by the Acts of 1967 (Ga. L. 1967, pp. 226, 247). See also, *Waldrop v. Bettis,* 223 Ga. 715, 717 (1) (157 SE2d 870), and there being no showing that the judgment against the architect has been paid, plaintiff has not obtained satisfaction within the meaning of the Code Section. *Newby v. Maxwell,* 121 Ga. App. 18, 19 (2) (172 SE2d 458).

3. The trial judge did not err in overruling the defendant's motion for summary judgment.

*Judgment affirmed. Evans and Webb, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1974 — DECIDED
SEPTEMBER 25, 1974.

*Wilkinson & Wittner, A. Mims Wilkinson, Jr.,* for appellant.

*Kahler, Karesh & Frankel, Jerry L. Sims,* for appellees.