## 58461. ADAMS et al. v. COX et al.

CARLEY, Judge.

Adams contracted with Architectural Associates, Inc. for the construction of a house. The sum agreed upon as consideration was placed into an escrow account and disbursements to Cox, the president and sole shareholder of Architectural Associates, were begun. Adams subsequently received notification that the corporation was delinquent on a number of debts it had incurred in construction of the home. Disbursements from the escrow account were suspended and it was ascertained that, while some $13,500 remained in the account, the corporation owed approximately $20,000 to various suppliers and materialmen. The corporation, through Cox, agreed to place sufficient funds into the escrow account to complete the house according to the specifications and to satisfy all suppliers, materialmen and other debts incurred in construction. Upon its failure to comply with the agreement, Adams sued the corporation for breach of the contract and obtained a consent judgment against the corporation.

Subsequently the suit presently at bar was filed by Adams against Cox. It was alleged that Cox had withdrawn funds from Adams' escrow account, had deposited those funds into the corporate account and, rather than apply the funds toward construction of the house, had fraudulently converted them to his own personal use. It was further alleged that due to this diversion Architectural Associates had been unable to meet its contractual obligations to construct Adams' house. Alleging that the corporation was a "mere subterfuge" and "shield" whereby Cox diverted corporate assets to personal use, Adams sought judgment against Cox individually for the damages resulting from the corporate failure to complete the house according to the contract.

Cox answered and, after discovery, moved for summary judgment. The trial court, finding it undisputed that the litigation against Cox arose out of the same facts and sought relief for the same damages as Adams' prior suit against Architectural Associates, granted summary

judgment. The court held that Adams, having proceeded to judgment on the claim against the corporation in a separate and distinct action, "elected a remedy and may not now pursue the agent of the corporation on the same debt." Adams appeals this grant of summary judgment to Cox.

1. The sole issue presented on this appeal is whether Adams, having obtained a prior judgment against the corporation for the damages sustained from the failure to complete house the according to the contract specifications, may proceed against Cox, individually as sole corporate shareholder. Cox argues that having elected to sue Architectural Associates on the contract and having obtained a judgment, Adams has elected his remedy and may not now pursue the "inconsistent" remedy of bringing suit against Cox to recover the same damages.

"Prior to the effective date of the Civil Practice Act, a plaintiff was permitted to 'pursue any number of consistent concurrent remedies against different persons' until he obtained a satisfaction from some of them. Former Code § 3-114. [Cit.] . . . However, by § 45 of the Act approved March 30, 1967 (Ga. L. 1967, pp. 226, 247), amending the Civil Practice Act, former Code § 3-114 was amended to read: 'A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them.' Code Ann. § 3-114 . . . It would thus appear that the former requirement of consistency of remedies is no longer of force in this State . . ." *Cox v. Travelers Ins. Co.,* 228 Ga. 498 (186 SE2d 748) (1972).

Does the fact that Adams has proceeded to judgment against the corporation preclude the institution of the instant action against Cox? This argument was put forward by the defendant-shareholder in *Newby v. Maxwell,* 121 Ga. App. 18 (172 SE2d 458) (1970). It was there held that "[a]ssuming but not deciding that the plaintiff is pursuing inconsistent remedies, the defendant's contention is without merit [in light of Code Ann. § 3-114 as amended]. . . There being no showing that the judgment obtained against the corporation had

been paid, the plaintiff has not obtained satisfaction as would prevent bringing of the present action." *Newby,* supra at 19. Thus, inconsistency in the remedies sought is not the determinative factor in whether or not the bringing of a prior suit bars institution of a later one. Whether or not a remedy has been pursued to *satisfaction* controls. *Trollinger v. Magbee Lumber Co.,* 132 Ga. App. 225 (207 SE2d 701) (1974); *Townsend v. Orkin Exterminating Co.,* 132 Ga. App. 740 (209 SE2d 24) (1974). Here, as in *Newby,* there has been no showing that the judgment against the corporation has been satisfied. It, therefore, follows that summary judgment was erroneously granted to Cox.

Nothing in *Kingsberry Homes v. Findley,* 242 Ga. 362 (249 SE2d 51) (1978) and cases cited therein, relied upon by Cox and by the trial judge, requires a contrary result. Unlike those cases, the joint contractual liability of both the principal and agent is not sought by Adams in the instant suit. Indeed, the gravamen of Adams' suit against Cox is that there was *no* corporate principal at all — that as a result of the manner in which Cox conducted his business as sole shareholder of the corporation, he became personally liable for the damage resulting from the breach of the construction contract. See, e.g., *Trans-American Comm., Inc. v. Nolle,* 134 Ga. App. 457 (214 SE2d 717) (1975); *Farmers Warehouse v. Collins,* 220 Ga. 141, 149 (137 SE2d 619) (1964). Suit was not instituted against Cox in his capacity as agent for the corporation but in his individual capacity as sole shareholder of a corporation which allegedly " 'has over extended its privileges in the use of the corporate entity to defeat justice, to perpetrate fraud, or to evade statutory, contractual or tort responsibility.' [Cits.]" *Keller Bldg. Products v. Young,* 137 Ga. App. 682, 685 (224 SE2d 815) (1976). It is thus seen that what is sought in the instant suit is not an adjudication of Cox' joint liability on the contract as agent for the corporation but, rather, a determination of his alternative liability thereon as sole shareholder of a corporate fiction. *Keller Bldg. Products,* supra. Pretermitting any question of whether the allegations of the prior and the instant suits are "inconsistent" or whether Adams now seeks an

"inconsistent" remedy from that sought in the prior action, present Code Ann. § 3-114 as amended by Ga. L. 1967, pp. 226, 247, clearly authorizes this procedure absent a satisfaction of the prior judgment. Cases, such as *Johnson v. Epting,* 185 Ga. 667 (196 SE 413) (1938), decided prior to the amendment of Code Ann. § 3-114 are not authority to the contrary.

2. Cox, having failed to demonstrate entitlement to judgment as a matter of law for any reason urged on appeal, "there remains a genuine issue of material fact with regard to the individual defendant's liability, [and] we must reverse. [Cit.]" *Keller Bldg. Products,* supra at 685.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 5, 1979 — DECIDED NOVEMBER 16, 1979.

*Donald E. Strickland,* for appellants.
*John M. Vansant, Jr.,* for appellees.