## 60266. CAMPBELL v. ALFORD.

QUILLIAN, Presiding Judge.

The plaintiff brought this action against Colony Home, Inc. and Campbell, the individual defendant. The plaintiff sought to recover under the terms of a contract as against Colony Home as an undisclosed principal and against the individual defendant in his own right or as an agent for an undisclosed principal. By terms of the agreement $13,000 of the amount claimed was paid off by a successor to Colony Home and a default judgment was entered against Colony Home in the amount of $8,806.16 which was the total amount sought in the debt. However, under the terms of the stipulation the plaintiff proceeded against the individual defendant for the amount of $8,808.16 and trial was had on that issue resulting in a verdict for one-half the amount sought. Appeal is by the individual defendant.

1. "If the employer is in fact merely an agent and acts with the authority of an undisposed principal, either he or such principal may be held liable at the election of the opposite party; but the contractual liability of such agent and principal is not joint, and, after an election to proceed against one, the other cannot be held." *Willingham v. Glover,* 28 Ga. App. 394, 396 (3) (111 SE 206). Accord, *Davis v. Menefee,* 34 Ga. App. 813 (1) (131 SE 527); *Stripling v. Crisp County Lumber Co.,* 38 Ga. App. 224 (2) (143 SE 433); *Washburn Storage Co. v. Elliott,* 93 Ga. App. 456 (3) (92 SE2d 28). Thus, under the earlier

cases above cited, the plaintiff in this case would have elected by proceeding against the corporation and would be unable to continue against the individual defendant. However, Code Ann. § 3-114 (Ga. L. 1967, pp. 226, 247) permits a plaintiff to "pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." Applying this section we held in *Adams v. Cox,* 152 Ga. App. 376 (262 SE2d 634), where the plaintiff proceeded first against the corporation and then against the individual defendant, that since there was no showing that the plaintiff had obtained satisfaction in its judgment against the corporation that it could proceed against the individual defendant. Accord, *Newby v. Maxwell,* 121 Ga. App. 18 (172 SE2d 458).

2. Although by the terms of the stipulation agreement between the parties the defendant was permitted to challenge not only liability against him but the amount of liability, the defendant now contends that the verdict should have been for the whole amount or for none at all and thus the verdict was inconsistent and repugnant.

It has been held many times: "A defendant against whom a verdict has been returned can not complain that the verdict is for a less amount than that which the plaintiff was entitled to recover if entitled to recover at all." *Mabry v. Holcomb,* 82 Ga. App. 1 (2) (60 SE2d 411). Accord, *Skinner v. Arthur & Westbrook,* 14 Ga. App. 302 (4) (80 SE 699); *Langston v. Langston,* 42 Ga. App. 143, 146 (155 SE 494); *Johns v. League, Duvall & Powell, Inc.,* 202 Ga. 868 (1) (45 SE2d 211). Any error in the amount, insofar as the defendant was concerned, was harmless.

3. The defendant argues that the verdict was not authorized under the evidence which, he contends, showed that the defendant was acting as an agent for a disclosed principal and was therefore not personally liable.

Where a person would relieve himself from personal liability on the ground of agency, he ordinarily has a burden of proving the fact of agency as well as knowledge thereof by the opposite party. *B. & O. R. Co. v. Johnson-Battle Lumber Co.,* 37 Ga. App. 729, 731 (141 SE 678).

"Similar to the principle that a person may become liable as an ostensible partner is the principle that an agent who makes a contract without disclosing that he is acting as an agent or without identifying his principal, or an agent who makes a contract with the express or implied understanding with the other party that he is binding himself individually, will become individually liable on the contract . . . If the agent would avoid personal liability, the duty is on him to disclose his principal, and the agent is individually liable if he fails to disclose his agency and the identity of his principal . . . Whether or not the fact of

the agency and the identity of the principal were disclosed or known to the other contracting party is a question of fact which may be shown by direct or circumstantial evidence . . . And to relieve himself of personal liability the agent ordinarily has the burden of proving by direct or circumstantial evidence the fact of agency as well as knowledge thereof by the opposite party . . . The contract may, depending upon the facts and circumstances, be impliedly one with the agent in his individual capacity. What was the understanding of both parties is a question of fact to be decided by the jury under the circumstances of each case." (citations omitted) *Chambliss v. Hall,* 113 Ga. App. 96, 99 (147 SE2d 334). Accord, *Dinkler Management Corp. v. Stein,* 115 Ga. App. 586, 590 (155 SE2d 442); *Yarbrough & Co. v. Travis Pruitt & Assoc.,* 130 Ga. App. 49 (202 SE2d 227).

The evidence in this case being conflicting as to the knowledge of the plaintiff regarding the fact of agency, the verdict was authorized and this enumeration is without merit.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Submitted July 10, 1980 — Decided September 10, 1980.

*Ben B. Mills, Jr.,* for appellant.
*John T. Corley, Jr.,* for appellee.