67721. NANNIS TERPENING & ASSOCIATES, INC. v. MARK SMITH CONSTRUCTION COMPANY et al.
67722. JORDAN et al. v. MARK SMITH CONSTRUCTION COMPANY et al.

CARLEY, Judge.

The litigation underlying the instant appeals had its genesis in a decision by the DeKalb County Board of Education (Board) to have a baseball stadium constructed at DeKalb Community College. The Board engaged appellant-defendant Henry H. Jordan (Jordan) to prepare the architectural plans and specifications for the stadium. Mr. Jordan, in turn, engaged appellant-third party defendant Nannis Terpening & Associates, Inc. (NT&A) to prepare the structural portion of the plans and specifications. The Board subsequently hired appellee-plaintiff Mark Smith Construction Company (Mark Smith) to act as the general contractor for the project.

After work on the stadium began, Mark Smith encountered problems. According to Mark Smith, these problems were the direct and proximate result of discrepancies, errors and omissions in the plans and specifications pursuant to which it had contracted to build the stadium and were compounded by Mr. Jordan's refusal to acknowledge his responsibility therefor when making his periodic reports on the project to the Board. It was on the basis of these allegations that Mark Smith filed suit against Mr. Jordan and commenced the litigation at issue. Count I of Mark Smith's complaint sought $95,476.80 as compensatory damages for Mr. Jordan's alleged "gross negligence in the preparation of Plans and Specifications for Construction of the DeKalb Community Baseball Stadium." Count II realleged Mr. Jordan's "gross negligence" regarding the plans and specifications, and sought the same amount of compensatory damages plus exemplary damages based upon the further allegations that Mr. Jordan's subsequent actions with regard to the deficiencies in the

plans and specifications when they had been discovered in the construction phase constituted malicious interference "between [Mark Smith], its subcontractors and the [Board]." Count III realleged Mr. Jordan's "gross negligence" and "malicious interference" and sought the same amount of compensatory damages plus exemplary damages for the alleged malicious breach of Mr. Jordan's duty as architect for the project "to fairly and justly administer the contract between [Mark Smith] and the [Board]." Mr. Jordan answered, denying the allegations of Mark Smith's complaint. In addition, Mr. Jordan filed a third party action against NT&A. The allegations of the third party complaint were premised upon NT&A's preparation of the structural portion of the plans and specifications which had been the subject of Mark Smith's complaint.

Prior to the commencement of the instant litigation, Mark Smith invoked the arbitration provisions of its contract with the Board, claiming that it was owed some $95,476.80 for the stadium project. The Board responded by filing a counterclaim for arbitration as to an amount that it claimed to be owed as the result of Mark Smith's alleged defective and incomplete construction work on the stadium. Although the arbitration process was initiated by Mark Smith prior to its institution of the instant litigation, the arbitration hearing itself was not held until sometime after Mark Smith had filed its complaint against Mr. Jordan. A transcript of the arbitration hearing demonstrates that it was conducted with the express understanding that the Board, as principal, would be liable for whatever construction problems Mark Smith had encountered which had been caused by Mr. Jordan, whom the Board had engaged to act as its agent with regard to the project. The arbitration proceedings resulted in an award to Mark Smith and also an award to the Board on its counterclaim. Because the award to the Board was in a lesser amount, a net award in favor of Mark Smith and against the Board resulted. Pursuant to OCGA § 9-9-92, Mark Smith sought judicial confirmation of its arbitration award. Thereafter, judgment was entered on the award. See OCGA § 9-9-95. The Board subsequently satisfied the judgment which had been entered on the award.

Thereafter, Mr. Jordan and NT&A (hereinafter collectively referred to as "appellants") filed motions for summary judgment in the instant litigation, which had been pending while the arbitration proceedings were conducted. Their motions were predicated upon the Board's satisfaction of the judgment which had been entered on Mark Smith's arbitration award. Appellants' contention was that the satisfied judgment was a bar to Mark Smith's further pursuit of litigation against them regarding damages it had incurred as the result of the stadium project. In addition to a motion for summary judgment, NT&A filed a motion to sever the third party action from the main

action. Before a ruling on appellants' respective motions could be obtained, Mark Smith amended its complaint to allege an alternate count for contribution from Mr. Jordan as to that amount awarded to the Board on its arbitration counterclaim. Thereafter, the trial court conducted a hearing on appellants' motions and denied them all. However, the order denying the motions was certified for immediate review and this court granted appellants' applications for interlocutory appeals.

1. Appellants' main contention is that their motions for summary judgment should have been granted pursuant to OCGA § 9-2-4, which provides in relevant part: "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons *until he shall obtain a satisfaction from some of them.*" (Emphasis supplied.)

" 'Damages are given as compensation for the injury done.' 'There can be but one satisfaction of the same damage or injury.' " *Edmondson v. Hancock*, 40 Ga. App. 587 (a, b) (151 SE 114) (1929). It is clear that the $95,476.80 in compensatory damages that Mark Smith (hereinafter referred to as "appellee") seeks from Mr. Jordan in the instant case represents essentially the same claim that it pursued in the prior arbitration proceeding against the Board, to wit: those damages which it incurred as the result of undertaking construction of the stadium project pursuant to the plans and specifications supplied to it. The only apparent difference is that appellee now seeks those same damages from Mr. Jordan in tort, whereas before it sought them by pursuing its contractual arbitration remedy against the Board. See generally *Bell v. Sigal*, 129 Ga. App. 249 (199 SE2d 355) (1973). Appellee had no direct contractual privity with appellants regarding the project. Mr. Jordan was hired by the Board to provide architectural services to it regarding the construction of the stadium. NT&A was, in turn, engaged by Mr. Jordan. Accordingly, whatever actions were taken by appellants with regard to the project were taken in their capacities as agents for the Board. It is clear that, in the Board's capacity as appellants' principal, its vicarious liability for such damage to appellee as might have resulted from appellants' performance of their duties regarding the stadium project was an issue which was raised in the context of the arbitration proceedings. The arbitration award, pursuant to which judgment was subsequently entered, was a final adjudication of those claims. See generally *Denham v. Williams*, 39 Ga. 312 (4) (1869). That judgment would accordingly be res judicata as to those claims. "An award of arbitrators is conclusive as to all matters submitted to them by the parties . . ." *Keaton v. Mulligan*, 43 Ga. 308 (1871).

Appellee asserts, however, that appellants have no standing or right to claim any benefit from the judgment which was entered on

the arbitration award because they were not parties to the arbitration proceedings. "Although a master has privity with his servant and can claim the benefit of an adjudication in favor of the servant ([cit.]), a servant is not in privity with the master so as to be able to claim the benefit of an adjudication in favor of the master. [Cits.]" *Gilmer v. Porterfield*, 233 Ga. 671, 674 (212 SE2d 842) (1975). Arbitration of appellee's claims against the Board resulted in an award *in favor of appellee*. Accordingly, unlike *Gilmer v. Porterfield*, supra, the judgment to which appellants claim a benefit was rendered *against* their principal, not in favor of it. That judgment represents a final adjudication of the principal's vicarious liability for such damage that appellee allegedly incurred as the general contractor for the project due to appellants' acts undertaken in their capacities as the Board's agents. That judgment has been satisfied. "No matter what right the party wronged may have of electing between remedies or of pursuing different defendants for the same cause of action, when he once obtains full satisfaction from one source, his cause of action ends, and he can assert it no further. If the plaintiff in a suit brought upon a given cause of action accepts a sum of money in full settlement thereof, he can not thereafter set up the same cause of action against another whom he had the election of suing in the first instance." *McLendon Bros. v. Finch*, 2 Ga. App. 421, 422 (3a, b) (58 SE 690) (1907). See also *Bell v. Sigal*, supra. Thus, appellants are entitled to rely upon the satisfied judgment entered against their principal insofar as it is a final adjudication of appellee's entitlement to recover for damages it suffered on the project which were attributable to their acts as the Board's agents. Compare *Newby v. Maxwell*, 121 Ga. App. 18, 19 (2) (172 SE2d 458) (1970); *Latex Filler &c. Co. v. Chapman*, 139 Ga. App. 382 (228 SE2d 312) (1976); *Adams v. Cox*, 152 Ga. App. 376 (262 SE2d 634) (1979); *Campbell v. Alford*, 155 Ga. App. 689 (1) (272 SE2d 553) (1980). "[S]ince all of the issues which could have imposed liability upon [appellants] were litigated in the [arbitration proceedings], the rule of *Gilmer v. Porterfield*, supra, does not apply here." *McNeal v. Paine, Webber, Jackson & Curtis, Inc.*, 249 Ga. 662, 664 (293 SE2d 331) (1982).

The first three counts of appellee's complaint alleged damages resulting from acts undertaken by appellants with reference to the project in their capacities as agents for the Board. It was error to deny the motions for summary judgment as to those claims, since they were satisfied by the payment of the judgment against the Board. Appellee asserts, however, that its fourth alternative count for contribution remains viable. That count sought contribution for such amounts as had been awarded to the Board on its arbitration counterclaim. The arbitration proceedings were conducted on the premise that the Board would have no right to recover from and, indeed, would itself

be liable to appellee for any claims arising from the construction of the stadium which were attributable to appellants acting in their capacities as its agents. Thus, the award in favor of the Board and against appellee cannot represent any liability arising from the project which might be attributable to appellants' actions because that liability had been accepted as the Board's own. Insofar as appellee may have been damaged thereby, that liability was already reflected in the award in *favor* of it and against the Board. Appellee is not entitled to seek contribution from appellants because the arbitration award to the Board and against appellee cannot represent any liability attributable to acts performed by *appellants* with regard to the project. "Contribution can not properly be granted as affirmative relief unless the party claiming such relief has been compelled to discharge *a liability for which he and the other party were equally bound.*" (Emphasis supplied.) *Snyder v. Elkan*, 187 Ga. 164 (2) (199 SE 891) (1938).

Likewise, appellee has no claim against appellants for indemnification as to the Board's arbitration award against it. To the extent that any of appellee's claims regarding the project resulted from appellants' tortious acts or their negligence, the resulting liability for those tortious or negligent acts is reflected in the award to appellee and not in the award against it. Inasmuch as the arbitration award against appellee does not represent any claim in which appellants' alleged tortious or negligent acts were a factor, appellee is not entitled to indemnification from appellants as to that award. *Massee & Felton Lumber Co. v. Ga. & Fla. R.*, 143 Ga. 173 (1) (84 SE 468) (1914).

The trial court erred in denying appellants' motions for summary judgment as to the entirety of appellee's complaint.

2. Resolution of the instant appeals for the reasons discussed in Division 1 renders moot any discussion of the denial of appellant NT&A's motion to sever the third party action.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED MAY 14, 1984 — REHEARING DENIED MAY 29, 1984 —

*Larry S. McReynolds, J. Michael Welch,* for appellant (case no 67721).

*Mark A. Smith III, David A. Handley, James C. Huckaby, Jr.,* for appellees.

*David A. Handley, James C. Huckaby, Jr.,* for appellants (case no. 67722).

*Larry S. McReynolds, J. Michael Welch, Mark A. Smith III*, for appellees.