No. 21.—Josiah Mims, plaintiff in error, *vs.* Charles McDowell, defendant in error.

[1.] A promissory note given in payment of a pre-existing debt, will operate as payment, when it is the express understanding of the parties it shall be received as such.

[2.] Where the security to a promissory note was indemnified by a mortgage executed by his principal, and after the note became due, the security *voluntarily* gave his own note to the creditor, which was accepted by him in *full payment* of the joint debt, and the joint note given up to the security.   *Held,* that the security might foreclose his mortgage against his principal, and collect from him what was actually due on the note in the hands of the original creditor, and that the principal debtor was entitled to make any defence to the note, which he could have made against such original creditor.

Issue upon the foreclosure of mortgage.   Tried before Judge Floyd, in Pike Superior Court, August Term, 1847.

The plaintiff in error borrowed a sum of money from one Williamson, which after various payments and renewals, was reduced to the sum of $432, and for which, with the tax of sixty cents to be paid the State by Williamson, on account of said sum being out at interest, making $432 60, the plaintiff in error gave his note, with said McDowell as his security, and secured him by mortgage upon several negroes.   Suit was brought upon the note against both Mims and McDowell, his security.   McDowell, after this, and with notice that the original consideration for which the note was given, was *usurious,* and that Mims intended to contest its payment on that ground, took up the note from Williamson and gave his own note therefor, which was accepted by Williamson in *full payment* thereof.   McDowell then proceeded to foreclose his mortgage, under the statute, to which Mims, the

mortgagor, set up the defence of usury, and also denied the right of McDowell, the mortgagee, to recover against him on the ground that he had not been damnified—that the giving of his in- dividual note to Williamson, which had not been paid, for the joint note, was no payment in law of the said joint note, and con- sequently he had no right under the law to foreclose his mortgage.

After the testimony on both sides was closed, the coun el for Mims requested the Court to charge the Jury, that if they believ- ed that McDowell, after notice of the usury, and of Mims' intention to plead it, *voluntarily* paid the note sued on, he could not recov- er, which the Court declined, but instructed the Jury that under such circumstances, McDowell took the note subject to all the had defences which Mims might have against it, if it had contin- ued in the hands of Williamson.

The counsel for Mims further requested the Court to charge, that if the Jury believed that McDowell had given his individual note to Williamson for said joint note *voluntarily*, and after notice of the usury, and had not yet paid his said individual note, he could not recover, which the Court likewise refused, but charged that if the Jury believed from the evidence, that Williamson had accepted the individual note of McDowell, in *full payment and discharge* of said joint note, it was as effectual as though McDow- ell had paid the amount in gold or silver coin, for that William- son was fully satisfied, and could not proceed again for this de- mand against Mims, but must rest alone upon the individual note of McDowell.

Upon these instructions exceptions were taken, and two grounds of error assigned, for which see the judgment of the Supreme Court.

ARNOLD and STARKE, for plaintiff in error.

O. C. GIBSON, HARTFORD GREEN and DANIEL ALLEN, for de- fendant in error.

*By the Court*—WARNER, J. delivering the opinion.

The plaintiff has assigned two grounds for error, to the decis- ion of the Court below in this case. *First*, Because the Court refused to charge as requested, to-wit: That if McDowell, after notice of the usury and of plaintiff's intention to plead it, and

after he had pleaded it, *voluntarily* paid the note sued on, he could not recover in this suit on his mortgage. *Second,* That if McDowell, after notice of the usury, *voluntarily* gave to Williamson his individual note, he could not recover in this suit on the mortgage ; and because the plaintiff was not damnified and could not recover. As both the assignments of error involve substantially the same questions, they will both be considered together. It appears from the record, that McDowell became the security for Mims on a promissory note to Williamson, and took a mortgage from Mims, to indemnify him as such security. After the note became due, and suit instituted thereon against Mims and McDowell, and after McDowell was notified, that the original consideration for which the note was given, was *usurious*, and that Mims intended to contest the payment of the note on that ground, McDowell took .up the note from Williamson, to which he was security for Mims, and gave his own note to Williamson therefor, which was accepted by Williamson in *full payment* of the joint note made by Mims and McDowell. McDowell then proceeded to foreclose his mortgage under the Statute, to which Mims, the mortgagor, set up the defence of usury, and also denied the right of McDowell, the mortgagee, to recover against him, on the ground he had not been damnified : that the giving his individual note to Williamson, for the joint note, which had not been paid, was no payment in law of Mims' note, to which McDowell was the security to Williamson, and consequently, had no right under the law to foreclose his mortgage. That McDowell, as Mims' security, could go forward, and pay the full amount of the note to Williamson, and then collect it out of Mims, and deprive him of his *defence of usury*, cannot receive the sanction of this Court : nor did it receive the sanction of the Court below ; for the Court expressly instructed the Jury, that when. McDowell took up the joint note from Williamson, under the circumstances disclosed by the evidence, ·he took it subject to *all the defences* which Mims had against it; and specially instructed the Jury to enquire as to the *usury*, in the original transaction, on which the note was founded.

The Court also instructed the Jury, that if they believed that McDowell had given his individual note to Williamson for his (McDowell's) and Mims' joint note, and that Williamson had ac-

cepted the same, in *full payment* and *discharge thereof*, it was a good and effectual payment in law.

[1.] Whether the giving a promissory note for a pre-existing debt, without any express understanding that it shall be received as payment of such debt, will operate as a payment thereof, we express no opinion; but when, as in this case, it was the *express understanding* of the parties, that the individual note of McDowell should be received in *full payment* of the joint note, and which was then delivered up to McDowell, it was a good and valid payment in law.  *N. Y. State Bank vs. Fletcher*, 5 *Wend. Rep*. 85. *Tobey vs. Barber*, 5 *John. Rep.* 68.

[2.] Because McDowell, the security for Mims, *voluntarily* discharged a *legal liability*, rather than have the money coerced out of him by the process of law, that circumstance, in our judgment, does not, in the least, impair his right to collect from the defendant, Mims, all that was legally due on the note, in the hands of Williamson; and it appears from the record, he has had the full benefit of all the defences against the note, in the hands of McDowell, which he could have had against it in the hands of Williamson.   In our judgment, the question of usury was fairly submitted to the Jury by the Court below, and there is no error in the record.   Let the Judgment of the Court below be affirmed: