46993.   PEOPLES BANK OF LaGRANGE v. GEORGIA BANK & TRUST COMPANY.

SUBMITTED MARCH 2, 1972—DECIDED JUNE 30, 1972— REHEARING DENIED JULY 24, 1972—

*Richter & Birdsong, A. W. Birdsong, Jr.,* for appellant.
*Sims & Lewis, James R. Lewis, Martin, Snow, Grant & Napier, Cubbedge Snow,* for appellee.

QUILLIAN, Judge. ■ The appellee contends that the election by Peoples Bank to assert its claim against the United States Fidelity & Guaranty Company (hereinafter referred to as the bonding company) and its execution of a release to the bonding company bars its claim against Georgia Bank. This contention is based on the rules of law that a party can have but one satisfaction for injuries and that once a party elects one remedy and obtains satisfaction under that theory, he can assert no other inconsistent remedies. *McLendon Bros. v. Finch,* 2 Ga. App. 421 (3) (58 SE 690); *Winn v. Nat. Bank of Athens,* 110 Ga. App. 133 (2) (138 SE2d 89).

We first point out that the burden was on Georgia Bank, as movant for summary judgment, to establish that the bonding company was acting for Bray, the alleged tortfeasor, and that it failed to conclusively show such was the case. Moreover, the release recites that Peoples Bank was proceeding under a "Bankers Blanket Bond to indemnify Peoples Bank of LaGrange, as provided and set forth in said bond, in connection with actions of officers, agents and employees of Peoples Bank of LaGrange resulting in loss to the Peoples Bank of LaGrange."

Peoples Bank was indemnified against just such a loss as here occurred under the contract with the bonding company. This case is directly analogous to the case of *Thompson v. Milam,* 115 Ga. App. 396 (154 SE2d 721). There an insured executed to his insurance carrier a release of liability for bodily injury under the terms of the uninsured motorist provision of his policy. There it was contended that by executing such a release, the insured had obtained full satisfaction for his injuries and could not proceed against the alleged tortfeasor. We held: "A tortfeasor can not diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor." *Thompson v. Milam,* 115 Ga. App. 396, 397, supra. This application of the "Collateral Source Rule" has been approved in the recent Supreme Court case of *State Farm*

*Mut. Auto. Ins. Co. v. Bd. of Regents,* 226 Ga. 310, 311 (174 SE2d 920), where it was reiterated that payments made to an insured under the terms of a policy are "payments made pursuant to a contractual obligation and not in discharge of the tortfeasor's liability to the injured or damaged person." See *Cincinnati, N. O. &c. R. Co. v. Hilley,* 121 Ga. App. 196, 201 (173 SE2d 242), and cases therein cited.

It is therefore evident that cases dealing with election of remedy or prohibiting double satisfaction for a claim have no application to a situation of the sort here presented. There is no showing that Peoples Bank has ever made any effort to proceed against Bray, the alleged tortfeasor. The release here given would not serve to bar Peoples Bank from proceeding with this action against Georgia Bank.

■ (a) Georgia Bank urges that the trial court correctly sustained the motion for summary judgment because Bray was the president and thus chief executive officer of Peoples Bank; that the apparent authority given to Bray by Peoples Bank led the Georgia Bank to rely on his actions to its detriment. In support of this proposition we are cited cases which hold: "When an alleged principal, by act or conduct, has knowingly caused or permitted another to appear as his agent, he will be estopped to deny the agency." *Folsom v. Miller,* 102 Ga. App. 232 (116 SE2d 1). See *Fitzgerald Cotton Oil Co. v. Farmers Supply Co.,* 3 Ga. App. 212 (1) (59 SE 713); *Palmer-Murphey Co. v. Fruit Haven Farm,* 34 Ga. App. 153 (128 SE 693).

There is a caveat to this rule, however, for its protection extends only to "third persons who have in good faith and in reasonable prudence dealt with the apparent agent on the faith of the relation." *Folsom v. Miller,* 102 Ga. App. 232, supra. The burden was on Georgia Bank to establish conclusively and as a matter of law that it acted in good faith and with reasonable prudence. Georgia Bank failed to carry this burden because the proof offered was at best uncertain and at least conflicting as to whether the bank exercised reasonable prudence. The notes which were sent

to the bank presumably by the hand of Bray contained references that "the FDIC is down the street and I am sure they will be here next," and that bank examiners were present. These are facts from which the jury might conclude that a person of reasonable prudence would make further inquiry before lending money. There are also other facts which might lead to inquiry including the personal endorsement by Bray on the note (not in his capacity of president of Peoples Bank), and that the note on which the plaintiff now seeks recovery was in default. Reasonable inquiry, according to the proof offered, would have led to the fact that Bray was not authorized to make loans on the account in question and that the loan would not have been endorsed by two directors of the bank as the information in the letter indicated. Georgia Bank was not entitled to a summary judgment on this theory of estoppel.

(b) Georgia Bank urges the rule that: "No application of the doctrine of ultra vires acts will allow a corporation to retain and use the benefits of a contract and at the same time refuse to comply with its part of the contract under which they were obtained." *Alexis Inc. v. Werbell,* 209 Ga. 665, 669 (75 SE2d 168). It is argued that Peoples Bank received benefits within the meaning of this rule so as to estop it from charging Georgia Bank with Bray's misconduct. The facts on which this contention is predicated are as follows: The $30,000 proceeds from the forged note were credited to the Peoples Bank account with Georgia Bank for credit to the Robinson & Sons account with Peoples Bank. Upon credit of the proceeds of the $30,000 note to the Robinson & Sons account with it, Peoples Bank immediately charged the Robinson & Sons account with $30,225, the amount due on a note of Robinson & Sons which Peoples Bank had been holding in its suspense account.

Assuming arguendo that a benefit might have accrued to Peoples Bank as a result of the proceeds from the note being deposited in the L. C. Robinson & Sons' account, it is clear that the note for $30,075 was not a contract between Peoples Bank and Georgia Bank. Hence, Peoples Bank did

not retain any benefit within the meaning of *Alexis Inc. v. Werbell,* 209 Ga. 665, supra, under that contract.

Whether the letters in question constituted a contract between Peoples Bank and Georgia Bank, or an individual undertaking by Bray as to Georgia Bank is the essential question. Under similar circumstances, the Supreme Court has pointed out that a "promissory note without consideration, executed in the name of a corporation by one of its officers, and payable to such officer individually, is void as against the corporation . . . upon the theory that none of its officers is or can be empowered to gratuitously pledge the assets of the corporation, and that one taking such a note is bound to take cognizance that the agent of the corporation, in thus seeking to bind the corporation, might have been acting not in its interest and for its benefit, but for the benefit of himself." *D. A. D., Inc. v. C. & S. Bank of Tucker,* 227 Ga. 111, 114 (179 SE2d 71), citing *Henderson Lumber Co. v. Chatham Bank &c. Co.,* 33 Ga. App. 196, 198 (125 SE 867). Furthermore, "the burden is upon the holder of such a note to show that it is in fact the contract of the corporation." Id., p. 115., citing *Capital City Brick Co. v. Jackson,* 2 Ga. App. 771 (2) (59 SE 92).

Here a jury might find that, in view of the language used in the letters and other surrounding circumstances, Georgia Bank should have discovered that Bray was exceeding his authority and thus any contract or transaction was between Georgia Bank and Bray individually. Thus, Georgia Bank failed to establish as a matter of law that Peoples Bank received and retained a benefit under a contract between it and Georgia Bank.

Since all genuine issues of material fact were not eliminated the trial judge erred in granting Georgia Bank's motion for summary judgment.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*