72990. OVERSTREET v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(355 SE2d 744)

McMURRAY, Presiding Judge.

Hazel Dean Overstreet (plaintiff) brought an action against her automobile insurance carrier, Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm Bureau"), for loss of her automobile resulting from a collision with another vehicle. Additionally, plaintiff sought statutory damages under OCGA § 33-34-6 (b), (c) for Georgia

Farm Bureau's failure to timely pay her claim. Georgia Farm Bureau answered and admitted that plaintiff was insured under one of its insurance contracts on the date of the accident but denied liability for statutory damages because plaintiff refused to accept its timely offer to pay for her loss. (In a "Combined Pre-Trial Order" Georgia Farm Bureau denied liability to plaintiff for loss of her vehicle, alleging that plaintiff recovered for the loss from another insurance carrier.)

During the course of a jury trial, the parties stipulated that the loss to plaintiff's vehicle was $5,300 and the deductible under the insurance policy was $100. It is undisputed that upon demand by plaintiff, Georgia Farm Bureau promptly offered plaintiff $5,200 for loss of her vehicle. Plaintiff refused to accept this amount, contending that she was entitled to the aggregate total of liability coverage offered in her insurance policy, regardless of her actual loss. Plaintiff testified that she was entitled to $41,000 because her insurance policy provided coverage of "ten, twenty, ten and one." (An examination of plaintiff's insurance policy shows that it provides liability limits of $10,000 for each person, $20,000 for each accident, $10,000 for property damage in each accident and $1,000 for medical payments.)

After Georgia Farm Bureau offered to pay plaintiff for her loss, a representative of Travelers Insurance Company, the insurer for the vehicle which struck plaintiff's automobile, paid plaintiff $5,200 for the loss.

At the conclusion of plaintiff's evidence, the parties made opposing motions for directed verdict. The trial court denied these motions and submitted to the jury the issues of whether plaintiff is entitled to recover under her insurance policy the value of loss to her vehicle and whether plaintiff is entitled to statutory damages, including attorney fees. The jury returned a verdict for Georgia Farm Bureau and this appeal followed. *Held*:

1. The pivotal issue in this appeal is whether plaintiff is entitled to recover under her policy of insurance after recovering the full amount due under said policy from the tortfeasor's insurance carrier.[1]

"A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." OCGA § 9-2-4. In the case sub judice, following the collision, plaintiff had the option of seeking indemnification for her loss under her insurance contract or from the tortfeasor. Since it is undisputed that plaintiff accepted payment for her loss in an amount equal to the coverage provided in her insurance

---

[1] Georgia Farm Bureau and plaintiff strenuously argue the effect of the subrogation provision of former OCGA § 33-34-3 (d) (1) (Ga. L. 1978, p. 2075) on plaintiff's right to recover under her insurance contract. These issues are not dispositive in this appeal since Georgia Farm Bureau has not exercised subrogation.

contract from the tortfeasor's insurance carrier, she relinquished her right to recover under her insurance policy. " 'No matter what right the party wronged may have of electing between remedies or of pursuing different defendants for the same cause of action, when he once obtains full satisfaction from one source, his cause of action ends, and he can assert it no further. If the plaintiff in a suit brought upon a given cause of action accepts a sum of money in full settlement thereof, he can not thereafter set up the same cause of action against another whom he had the election of suing in the first instance.' *McLendon Bros. v. Finch*, 2 Ga. App. 421, 422 (3 a, b) (58 SE 690) (1907). See also *Bell v. Sigal*, [129 Ga. App. 249 (199 SE2d 355)]." *Nannis Terpening & Assoc. v. Mark Smith Constr. Co.*, 171 Ga. App. 111, 114 (318 SE2d 89). In other words, in the case sub judice, plaintiff may not recover twice for the same loss. Consequently, notwithstanding the validity of submitting the issue of liability to the jury, we find the jury's verdict appropriate as a matter of law. The trial court did not err in failing to direct a verdict in favor of plaintiff with regard to Georgia Farm Bureau's liability to pay plaintiff's claim under the insurance policy.

2. In light of our holding in Division 1 of this opinion and since it is undisputed that Georgia Farm Bureau offered to pay plaintiff's claim for loss of her vehicle, less the deductible prescribed in the insurance policy, within 30 days after proof of loss, the trial court did not err in failing to direct a verdict in favor of plaintiff with regard to statutory damages. See OCGA § 33-34-6 (b), (c). The jury's verdict in this regard was appropriate.

3. All other arguments asserted by plaintiff are moot in light of our holding in Divisions 1 and 2 of this opinion.

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED APRIL 1, 1987 —

*W. Douglas Adams, G. Brinson Williams, Jr.*, for appellant.
*Denmark Groover, Jr., Birney O. Bull, Morton G. Forbes*, for appellee.
*Ronald L. Reid, Nill V. Toulme, Ricky C. Silver, David Aufdenspring, Dean S. Daskal, James Thompson, John B. Long*, amici curiae.