A90A2014. ENGLAND et al. v. GEORGIA-FLORIDA COMPANY.
(402 SE2d 783)

CARLEY, Judge.

The relevant facts in this appeal are as follows: Upon being informed that its insurance policy would not be renewed upon expiration, appellee-plaintiff engaged appellant-defendants to secure a replacement policy which provided the "same coverage." After a replacement policy had been obtained, appellee suffered two losses which apparently would have been covered under the expired policy, but which were not covered under the replacement policy. Appellee brought suit, seeking to recover in contract and in tort for appellants' failure to have secured a replacement policy which provided the "same coverage." After a mistrial was declared in the original trial of the case, it was retried before a jury and a verdict was returned in favor of appellee. Appellants appeal from the judgment that was entered by the trial court on the jury's verdict.

1. Appellants moved for a directed verdict as to appellee's recovery under a negligence theory. The trial court's denial of that motion is enumerated as error.

Under the evidence, appellants had no discretion as to the types or amounts of coverage that they were to attempt to secure for appellee. Appellants were obligated only to attempt to secure a replacement policy which provided the "same coverage" as that which had been provided under the expired policy. Therefore, any reliance upon *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268 (210 SE2d 801) (1974) as a basis for appellee's recovery under a negligence theory is misplaced. The alleged negligence is not based upon an exercise of expert discretion, but upon a failure to obtain specified coverage. Therefore, the instant case is *not* otherwise within the *Wright Body Works* exception to the general rule that one who had sought, but did not receive, specified coverage has no viable negligence claim if, prior to suffering the uninsured loss, he had the alleged non-conforming policy in his possession. See generally *Greene v. Lilburn Ins. Agency*, 191 Ga. App. 829 (383 SE2d 194) (1989). A plaintiff who has "the policy in [his] possession prior to the [uninsured loss is] charged with the knowledge of the terms and conditions of the policy, namely and in particular that the policy coverage was . . . not . . . as contracted for between the parties. [Cit.] Consequently the plaintiff being, under the law, charged with knowing the terms and conditions of the policy, any negligence, if any, on the part

of the defendant in failing to procure the amount [or type] of insurance coverage contracted for could have been avoided by the plaintiff and therefore a finding for the defendant is demanded." *S & A Corp. v. Berger & Co.*, 111 Ga. App. 39, 40-41 (1) (140 SE2d 509) (1965).

Since the instant case is not within the exception to the general rule, it follows that the correctness of the trial court's ruling on appellants' motion for a directed verdict is ultimately dependent upon whether appellee had the replacement policy in its possession prior to suffering the uninsured loss. If appellee did have the replacement policy in its possession, then its own negligence in failing to have read it so as to discover that it did not provide the "same coverage" as the expired policy is a bar to a recovery in negligence against appellants. If appellee did not have the replacement policy in its possession, then the failure to have read it and discovered the lack of the "same coverage" would not preclude a recovery in negligence against appellants.

The record demonstrates that appellee did *not* have the replacement policy in its possession prior to the occurrence of *one* of the uninsured losses. Accordingly, the trial court did not err in denying appellants' motion for a directed verdict as to appellee's recovery in negligence for that loss. However, the record also demonstrates that appellee *did* have the policy in its possession prior to the occurrence of the other uninsured loss. Accordingly, the trial court did err in denying appellants' motion for a directed verdict as to appellee's recovery in negligence for that loss.

We cannot say that this error was harmless. Although appellee had a viable contract claim as to both uninsured losses, it had a viable tort claim as to only one of those uninsured losses. The general verdict that was returned may well have been based upon the erroneous legal theory that appellant was liable in tort for both losses. Accordingly, the judgment must be reversed and a new trial held wherein the issue of appellants' tort liability is properly limited. OCGA § 9-11-50 (e).

2. Appellants moved for a directed verdict based upon appellee's failure to prove compensatory damages. The denial of that motion is also enumerated as error.

Because the judgment must be reversed for the reasons discussed in Division 1, we need not determine whether this enumeration of error is also viable. However, we would point out that, in a case such as this, appellants could be found liable "for any resulting loss. [Cit.]" *Wright Body Works v. Columbus Interstate Ins. Agency*, supra at 270. This means that appellee could recover for the resulting uninsured "loss or damage to the limit of the agreed policy. [Cits.]" *Beiter v. Decatur Fed. S&L Assn.*, 222 Ga. 516, 518 (2) (150 SE2d 687) (1966). Thus, appellee's recovery of compensatory damages for their uninsured losses is necessarily dependent upon proof of the amount

and type of insurance coverage that would *otherwise* have been provided for those losses under the "same coverage" as the expired policy. To the extent that appellee may have incurred expenses or losses which would *not* be covered under the "same coverage" as that provided by the expired policy, those expenses or losses are in *no* way traceable or attributable to appellants' alleged negligence or breach of contract in having failed to secure that "same coverage." "Whether such damages as are here sued for arise by reason of a tort or the breach of a contract, they are given to the injured party as compensation for the injury sustained. [Cits.] An injured party can not be placed in a better position than he would have been in if the contract had not been breached. [Cits.]" *Lastinger v. City of Adel*, 69 Ga. App. 535, 536 (26 SE2d 158) (1943).

3. Appellants enumerate as error the denial of their motion for a directed verdict as to appellee's recovery of punitive damages and attorney's fees. Notwithstanding the *allegations* of appellee's complaint, our review of the record demonstrates no *evidence* which would have authorized a submission to the jury of the issue of appellants' liability for punitive damages and attorney's fees. The evidence of record shows only the breach of a duty which would authorize a recovery of compensatory damage in tort or contract, and does not show the existence of such circumstances as would authorize a recovery of additional elements of damage. Accordingly, the denial of the motions for directed verdict as to appellants' liability for punitive damages and attorney's fees was erroneous.

4. Over objection, appellee was allowed to introduce evidence as to the prior bankruptcy of a corporation which had been owned by appellant England. This evidentiary ruling is enumerated as error.

Assuming that the prior *existence of another corporation* may have been relevant to any issue in the instant case, the prior *bankruptcy of that other corporation* appears to have no relevancy whatsoever. In any event, the record before us does not authorize the conclusion that the purported relevancy of this evidence outweighed its potentially prejudicial effect. Unless the contrary is clearly demonstrated at retrial, an objection to the admission of this evidence should be sustained.

5. In the original trial, one of appellee's witnesses made an irrelevant and prejudicial reference to the existence of appellant England's professional liability insurance and it was that very reference which resulted in the grant of a motion for mistrial. During his direct examination in the instant retrial, this witness did not repeat the irrelevant and prejudicial reference. However, on cross-examination, appellants nevertheless had the witness acknowledge that his current testimony differed in some otherwise unspecified manner from his prior testimony in the original trial. At the conclusion of cross-examination, ap-

pellee sought to have the entirety of its witness' prior testimony, including the irrelevant and prejudicial reference to the existence of liability insurance, introduced as rebuttal evidence. Over appellants' objection, the trial court admitted the rebuttal evidence and this evidentiary ruling is enumerated as error.

"In rebuttal of testimony offered to impeach a witness by proof of previous contradictory statements [made] . . . under oath, *all* [of] the testimony given by [that witness] at the former hearing was admissible to show that on the whole it was consistent with [his] testimony at the present trial." (Emphasis supplied.) *Wynes v. State*, 182 Ga. 434 (3) (185 SE 711) (1936). Moreover, the door for the admission of the rebuttal evidence was opened by appellants' own erroneous attempt to impeach the witness by eliciting his acknowledgment that his current trial testimony differed from that given by him in the original trial. The witness' current trial testimony was inconsistent *only* insofar as it omitted the prior irrelevant and prejudicial reference to the existence of liability insurance, and the omission of that prior irrelevant and prejudicial reference from the witness' current trial testimony was certainly *not* a ground for his impeachment. "[A] witness may not be impeached by contradictory statements previously made by him as to *immaterial matters not relevant* to his testimony and to the case. [Cits.]" (Emphasis supplied.) *Green v. State*, 138 Ga. App. 48 (1) (225 SE2d 495) (1976). Accordingly, the trial court did not err in admitting the rebuttal evidence.

6. Remaining enumerations of error, not otherwise addressed, have either become moot by virtue of our previous holdings or are not likely to recur at trial.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 25, 1991.

*Dennis, Corry, Porter & Thornton, Michael T. Thornton, Andrew H. Schultz*, for appellants.
*Thomas J. Ousley*, for appellee.