A94A0897. CITIZENS BANK & TRUST COMPANY v.
SAUNDERS, STUCKEY & MULLIS, INC. et al.
(447 SE2d 632)

Smith, Judge.

Citizens Bank & Trust Company (Citizens) brought suit against Saunders, Stuckey and Mullis, Inc. (SSM), an independent insurance agency, and Horace Mullis, SSM's president and employee agent, seeking damages for Mullis's alleged negligence, breach of fiduciary duty, and fraud in representing to Citizens that certain insurance coverage had been procured when, in fact, it had not. After denying SSM's first two motions for summary judgment, the trial court granted SSM's and Mullis's third such motion on the ground that Citizens had previously obtained a full satisfaction of the same loss from another, thereby barring this action against SSM and Mullis. OCGA § 9-2-4. The sole question presented in this appeal by Citizens is whether the single satisfaction doctrine, derived from OCGA § 9-2-4, was properly applied in this complex fact situation.

The record reveals that in 1987, Citizens acquired Williams Banking Company in Rhine, Georgia, by merger. Mullis was a director of Citizens, as well as its long-standing insurance agent who procured much of its insurance. Before the merger, Mullis had recommended and procured a financial fidelity bond issued by St. Paul Fire & Marine Insurance Company that included coverage for losses discovered during the period the bond was in effect, regardless of when the losses occurred. When Mullis became aware that the merger would take place, he advised Jim Williams, Citizens' president, that the bond would not cover a newly acquired bank and new coverage should be obtained. Williams requested Mullis to procure such coverage to be effective on the date of merger. Williams testified he asked Mullis to obtain coverage for the Williams Bank's prior acts identical to that already covering Citizens. Just prior to the merger, Williams asked Mullis if the coverage had been obtained, and Mullis indicated that he had bound the coverage. Citizens then proceeded with the merger. Williams testified that acting on Mullis's advice, Citizens did not elect to continue Williams Banking Company's previous coverage for prior acts.

In the spring of 1988, First Union National Bank of Florida notified Citizens of a claim for losses sustained by First Union's predecessor, Atlantic Bank, prior to the merger date. Atlantic's loss was caused by the misconduct of Talmadge Stuckey, a depositor at both Atlantic and Williams Banking Company, with the cooperation of Williams Banking Company employee Raiford Lynn Brown. Stuckey had a number of business accounts in the two banks. He and Brown engaged in a check kiting scheme whereby worthless checks drawn on one bank would be deposited into the Stuckey accounts at the other

bank and credit would be issued immediately by the depository bank against the deposits. In this fashion, worthless checks were exchanged continuously between the two banks to create the illusion of positive balances and avert overdrafts in each bank through the deposit of worthless checks drawn on the other bank.

The scheme ended suddenly when Brown returned to Atlantic two checks totaling $710,000 because of insufficient funds in the Stuckey account at the Williams Banking Company. The victim, Atlantic, having credited the Stuckey accounts at its bank with that amount upon deposit of the checks, suffered the loss. Stuckey and Brown both pled guilty to wire fraud. Stuckey agreed to make restitution to First Union. Subsequently, First Union brought a damage suit against Stuckey and his wife and a Stuckey business corporation to recover for that loss and others. Stuckey entered into a settlement agreement with First Union, and a consent judgment was entered for $605,460.02.

Citizens notified St. Paul and Mullis of the potential claim by letter dated May 9, 1988. Citizens later learned that Mullis had not procured insurance coverage for claims resulting from the acts of Williams Banking Company before the merger, and St. Paul refused to defend or cover Citizens for the claim.

First Union then brought suit against Citizens and Brown. Citizens settled that lawsuit by paying $460,000 to First Union in return for the complete release of all claims. Citizens also took assignment and quitclaim of First Union's consent judgment against Stuckey and his wife and companies. Citizens then negotiated with Stuckey to make financial arrangements to satisfy that judgment, obtaining promissory notes from Stuckey and his brother-in-law, Dr. Gregory Jones. On June 10, 1989, Citizens filed a "Satisfaction of Judgment" in the official court records. That document recites that "whereas, Talmadge Stuckey and Gregory Jones have made satisfactory financial arrangements with Citizens . . . in order to fully satisfy the aforementioned Judgment held by First Union . . . and assigned to Citizens . . . , Citizens . . . hereby acknowledges full payment and satisfaction of said Judgment and hereby consents that the same may be canceled and discharged of record."

The trial court granted SSM's and Mullis's motion for summary judgment on the ground that because Citizens had acknowledged full satisfaction of its loss when it filed the "Satisfaction of Judgment," the doctrine of single satisfaction prevented it from seeking another recovery for the same loss from Mullis. Citizens contends this ruling was in error. We agree and reverse.

OCGA § 9-2-4 provides simply that "[a] plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some

of them." The doctrine of single satisfaction stems from the public policy of preventing double recovery. Although several persons or entities may contribute to an injury, there may be only one recovery for that injury. If the plaintiff's damages for that injury are paid in full by one person or entity, the injured party may not seek a double recovery by bringing suit against another person or entity for the same injury. *Gilmore v. Fulton-DeKalb Hosp. Auth.*, 132 Ga. App. 879, 881-882 (209 SE2d 676) (1974).

Although the document filed in court is captioned "Satisfaction of Judgment," it is undisputed that the judgment was not paid in full. The document itself is somewhat contradictory, showing both that Stuckey and Jones "have made satisfactory financial arrangements" to pay the judgment and that Citizens "acknowledges full payment and satisfaction." However, the record shows without dispute that as of August 15, 1993, after Citizens filed this suit against SSM and Mullis, the balance still outstanding on the judgment was $411,127.14. If the "arrangements" *were* the satisfaction, it was not because the entire sum was paid but because an accord and satisfaction had been reached. It is undisputed that performance under the "arrangements" — payment according to the terms of the notes — was not yet complete. Insofar as payment of *Citizens's* loss is concerned, the accord therefore was still executory. An executory accord is not complete until the performance required under the accord is done. *All-Georgia Dev. v. Kadis*, 178 Ga. App. 37, 39 (3) (a) (341 SE2d 885) (1986).

Even assuming the "Satisfaction of Judgment" constitutes actual satisfaction, what was acknowledged by Citizens was satisfaction of a judgment based on a contract claim possessed by First Union against Stuckey. That claim, as evidenced by First Union's complaint underlying the consent judgment, was brought on account to recover losses sustained by First Union for returned checks and other unpaid debts, and sounded in contract. Citizens suffered no such losses. The fact that First Union assigned its judgment to Citizens did not change the nature of that claim. Its claim against Stuckey, as well as its claim against SSM and Mullis, sounds in tort. It seeks recovery for the loss resulting from Stuckey's tortious conduct in the check kiting scheme and Mullis's alleged negligence or fraud in failing to obtain proper insurance coverage for those misdeeds and alleged misrepresentation that he had done so. Citizens has obtained no satisfaction of that claim. Its claim against SSM and Mullis therefore is not barred by the single satisfaction doctrine.

In *Peoples Bank of LaGrange v. Ga. Bank &c. Co.*, 126 Ga. App. 768, 771-772 (1) (191 SE2d 876) (1972), summary judgment was sought and granted based on the doctrine of single satisfaction because the injured party had recovered the same loss under a bond. This court reversed, holding that doctrine inapplicable because the

prior recovery was contractual whereas the action at bar involved a tort claim. *Peoples Bank* and this principle were cited with approval by the Supreme Court in the recent case of *Amalgamated Transit Union v. Roberts*, 263 Ga. 405, 409 (2) (434 SE2d 450) (1993), dealing with the application of the collateral source rule.[1]

Since Citizens is not attempting to recover twice in the same cause of action for the same loss, *Overstreet v. Ga. Farm Bureau Mut. Ins. Co.*, 182 Ga. App. 415 (355 SE2d 744) (1987) (physical precedent only) and *Nannis Terpening & Assoc. v. Mark Smith Constr. Co.*, 171 Ga. App. 111 (318 SE2d 89) (1984), relied upon by SSM and Mullis, are distinguishable.[2] Because the doctrine of single satisfaction has no application to these facts, the trial court erred in granting summary judgment in favor of SSM and Mullis.

*Judgment reversed. Pope, C. J., concurs. McMurray, P. J., concurs specially.*

McMurray, Presiding Judge, concurring specially.

I agree that the complete grant of summary judgment cannot be sustained by the present posture of the record. However, as my analysis differs from the majority, I must concur specially.

An insurance broker who negligently fails to obtain coverage specified by the insured "could be found liable 'for any resulting loss. (Cit.)' *Wright Body Works v. Columbus Interstate Ins. Agency*, [233 Ga. 268, 270 (210 SE2d 801)]. This means that [Citizens Bank & Trust Company] could recover for the resulting uninsured 'loss or damage to the limit of the agreed policy. (Cits.)' *Beiter v. Decatur Fed. S&L Assn.*, 222 Ga. 516, 518 (2) (150 SE2d 687) (1966)." *England v. Ga.-Fla. Co.*, 198 Ga. App. 704, 705 (2) (402 SE2d 783). In the case sub judice, the complaint alleged Citizens Bank & Trust Company ("Citizens") has been "damaged in the amount it was required to expend to defend and settle the First Union suit[,]" as a result of the failure of Horace Mullis and Saunders, Stuckey & Mullis, Inc. ("SSM") to obtain for Citizens a fidelity bond covering the premerger misconduct of Williams Banking Company employees. The settlement

---

[1] The "Satisfaction of Judgment" may also be thought of as collateral source evidence. Where the amount to be recovered is contractual the amount received from collateral sources may be irrelevant, and collateral source evidence is not absolutely barred. *Roberts*, supra at 408-409 (2). However, "[t]he collateral source rule is applicable in *tort* cases because collateral source evidence *cannot* be admitted to diminish the defendant's liability for the *actual harm* that was caused by his tort. [Cit.]" Id. at 408 (1).

[2] Although technically *Nannis Terpening* involved claims both in contract and tort, a contractual arbitration award and a professional negligence claim, it is unlike this case because only the *process* of arbitration was dependent upon the contract. The claim adjudicated in arbitration was the very same negligence claim. Because it was actually litigated in the arbitration it is also distinguished from this case because res judicata was involved as well.

by which Citizens paid First Union $460,000 for the alleged wrongful acts of Williams Banking Company committed before the merger of Citizens and Williams Banking Company resulted in an assignment to Citizens of First Union's consent judgment against Talmadge Stuckey. Citizens then pursued the consent judgment to satisfaction via receipt of $360,000 (financed by a loan from Citizens to Stuckey's brother-in-law) and $100,000 (financed by Citizens via a loan evidenced by Stuckey's promissory note). James R. Williams, President of Citizens, affirmed that the loan proceeds in these amounts were credited by Citizens to the debt represented by the judgment against Stuckey, so that "through the [loans to Stuckey and his brother-in-law, Citizens] paid off what [it] had paid to First Union. . . ." Citizens subsequently executed and filed in the Circuit Court of Duval County, Florida, a document entitled, *"SATISFACTION OF JUDGMENT,"* and providing (in pertinent part) as follows: "WHEREAS, Talmadge Stuckey and Gregory Jones have made satisfactory financial arrangements with CITIZENS BANK AND TRUST COMPANY in order to fully satisfy the aforementioned judgment held by First Union National Bank of Florida and assigned to CITIZENS BANK AND TRUST COMPANY, . . . CITIZENS BANK AND TRUST COMPANY hereby acknowledges full payment and satisfaction of said Judgment and hereby consents that the same may be canceled and discharged of record." This instrument appears to be executed under seal, in that "the intention to execute a sealed instrument [is] indicated in the body of the ['SATISFACTION OF JUDGMENT'] as well as after the signature. *Barnes v. Walker*, 115 Ga. 108 (41 SE 243)." *Johnson v. Intl. Agricultural Corp.*, 41 Ga. App. 740 (1) (154 SE 465). The majority concludes that this satisfaction is not conclusive as to whether Citizens has been reimbursed for the $460,000 it paid to settle the First Union suit because the loans by which the judgment debt was refinanced have not yet been repaid and because any accord and satisfaction remains executory.

It is my view that the recording of this satisfaction in the court where the judgment was rendered amounts to a solemn admission in judicio that Citizens has been paid in full as to that item of recoverable uninsured loss, the $460,000 expended to settle the First Union suit. Consequently, Citizens is estopped to deny otherwise and evidence to the contrary is inadmissible. See generally *Jabaley v. Jabaley*, 208 Ga. App. 179 (1) (430 SE2d 119). I believe the majority strays from the relevant inquiry in going behind the recital of the "SATISFACTION OF JUDGMENT" where "[Citizens acknowledged] full payment and satisfaction of said Judgment . . ." to consider evidence that Stuckey's debt as refinanced with his brother-in-law as additional surety has not been repaid. The specialty of the seal raises a strong presumption in favor of the consideration recited. See

*Warthen v. Moore*, 258 Ga. 198, 199 (366 SE2d 666); *Van Dyke v. Van Dyke*, 123 Ga. 686, 690 (51 SE 582). Moreover, since Citizens has received from these transactions the $460,000 it paid to settle the First Union suit and not some lesser amount in compromise, I question whether any accord remains executory under the authority of *All-Georgia Dev. v. Kadis*, 178 Ga. App. 37, 39 (3a) (341 SE2d 885). It is my view that Citizens has been made whole for the $460,000 uninsured loss sustained as a result of any failure by SSM and Mullis. " 'Whether such damages as are here sued for arise by reason of a tort or the breach of a contract, they are given to the injured party as compensation for the injury sustained. (Cits.) An injured party can not be placed in a better position than he would have been in if the contract had not been breached. (Cits.)' *Lastinger v. City of Adel*, 69 Ga. App. 535, 536 (26 SE2d 158) (1943)." *England v. Ga.-Fla. Co.*, 198 Ga. App. 704, 705 (2), 706, supra. Accordingly, it is my view that a grant of partial summary judgment as to the $460,000 would have been correct for the reason given by the trial court. However, defendants' motion does not establish the non-existence of every material fact as to other items of allegedly recoverable damage, i.e., the expenses of litigation which would have been borne by the insurer had Mullis and SSM obtained the proper coverage. For that reason, I agree that a reversal of the blanket grant of summary judgment is required and so I concur specially.

DECIDED JULY 8, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 — 

*William S. Stone*, for appellant.
*Neely & Player, Linda B. Foster, Frances R. Mathis*, for appellees.