## S94G1819. SAUNDERS, STUCKEY & MULLIS, INC. v. CITIZENS BANK & TRUST COMPANY.

(458 SE2d 337)

CARLEY, Justice.

The following is a simplified statement of the facts relevant to the resolution of this case:

After Talmadge Stuckey opened accounts at First Union National Bank of Florida (First Union) and Citizens Bank & Trust Company (Citizens), he and a Citizens' employee engaged in a check kiting scheme resulting in a loss to First Union. First Union sought to recoup this loss by bringing suit against Stuckey. In that suit, First Union obtained a consent judgment against Stuckey.

Prior to the satisfaction of this consent judgment, First Union also sought to recoup its loss by filing suit against Citizens and the Citizens' employee who had participated in the scheme with Stuckey. Upon discovering that it was not insured for any liability to First Union, Citizens settled that suit for $460,000, but also took an assignment of First Union's consent judgment against Stuckey.

Citizens entered into negotiations with Stuckey to obtain a satisfaction of the consent judgment. As the result of those negotiations, Stuckey's brother-in-law, Dr. Gregory Jones, agreed "to pay $360,000 on the Consent Judgment . . . on condition [Citizens] loans [him] an unsecured like amount" and Stuckey "agreed to deliver his promissory note in the amount of $100,000 as payment on the Consent Judgment." Citizens agreed "to accept Dr. Jones['] payment of $360,000 on the Consent Judgment," approving "a loan to [him] for an amount equal to the above payment," and agreed to "accept the $100,000 promissory note of . . . Stuckey as payment on the Consent Judgment. . . ." Citizens having thus agreed to finance the payment to itself of the consent judgment, a $360,000 check payable to Citizens was issued and $360,000 and $100,000 promissory notes payable to Citizens were executed by Dr. Jones and Stuckey respectively. Thereafter, Citizens filed in the official court records a document denomi-

nated as a "Satisfaction of Judgment." According to the terms of that document, Stuckey had "made satisfactory financial arrangements with Citizens . . . in order to fully satisfy the . . . Judgment held by First Union . . . and assigned to Citizens" and "Citizens . . . hereby acknowledges full payment and satisfaction of said Judgment and hereby consents that the same may be cancelled and discharged of record."

Citizens then brought this action against Saunders, Stuckey & Mullis, Inc. (SSM) and SSM's president, seeking damages for SSM's failure to obtain insurance which afforded Citizens coverage for First Union's claim. SSM moved for summary judgment on the ground that Citizens had obtained a full satisfaction for its loss. The trial court granted summary judgment in favor of SSM, but the Court of Appeals reversed. *Citizens Bank &c. Co. v. Saunders, Stuckey & Mullis, Inc.*, 214 Ga. App. 333 (447 SE2d 632) (1994). We granted certiorari in order to determine whether the Court of Appeals correctly held that Citizens is not barred from proceeding against SSM.

The loss which ultimately underlies Citizens' claim against SSM is that which was suffered by First Union in the check kiting scheme, since SSM's asserted liability derives entirely from First Union's attempts to recover against Stuckey and Citizens for that loss. It was only because First Union had not obtained a full satisfaction for its loss from Stuckey that First Union was entitled to proceed against Citizens. OCGA § 9-2-4. If SSM fraudulently or negligently failed to obtain insurance which covered Citizens' liability for First Union's loss, then First Union's loss became an uninsured loss for which SSM, in turn, would be liable to Citizens. See *Beiter v. Decatur Fed. S & L Assn.*, 222 Ga. 516, 518 (2) (150 SE2d 687) (1966).

It is undisputed that Citizens did pay $460,000 in full satisfaction of First Union's claim. However, in addition to a release from its own liability for First Union's loss, Citizens also received an actual assignment of First Union's consent judgment against Stuckey for the loss that had been suffered by First Union. Compare *Peoples Bank of LaGrange v. Ga. Bank &c. Co.*, 126 Ga. App. 768, 771 (1) (191 SE2d 876) (1972). While Citizens did incur a $460,000 uninsured loss which potentially was recoverable against SSM, Citizens also received, through the assignment of First Union's consent judgment, an alternative potential source for recoupment of the uninsured loss Citizens ultimately had suffered. See generally *Overstreet v. Ga. Farm Bureau Mut. Ins. Co.*, 182 Ga. App. 415, 416 (1) (355 SE2d 744) (1987). In its capacity as the employer of a tortfeasor, Citizens could consider its payment of First Union's claim to be an uninsured loss which was recoverable against SSM or, in its capacity as First Union's assignee, Citizens could consider that payment to be an uninsured loss which was recoverable against Stuckey. Citizens chose first to proceed in its

capacity as First Union's assignee. The consent judgment against Stuckey, if satisfied, would constitute compensation for the uninsured loss Citizens suffered by paying First Union's claim and would, therefore, bar Citizens from pursuing a claim to recover that uninsured loss from SSM. "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons *until he shall obtain a satisfaction* from some of them." (Emphasis supplied.) OCGA § 9-2-4.

After negotiating and agreeing to finance the payment to itself of the consent judgment, Citizens acknowledged that Stuckey had "made satisfactory financial arrangements" to satisfy that judgment and filed a "Satisfaction of Judgment" wherein it expressly acknowledged "full payment and satisfaction of said Judgment" and consented "that the same may be canceled and discharged of record." The Court of Appeals construed the "satisfactory financial arrangements" as a reference to the promissory notes of both Dr. Jones and Stuckey and held that there was no accord and satisfaction because payment according to the terms of those notes "was not yet complete." *Citizens Bank &c. Co. v. Saunders, Stuckey & Mullis, Inc.*, supra at 335. However, Citizens received the $360,000 promissory note from Dr. Jones in its capacity as a lending institution, not in its capacity as First Union's assignee. In its capacity as First Union's assignee, Citizens received a $360,000 check. A check constitutes payment when it is honored. *Sims & Sons v. Bolton*, 138 Ga. 73 (1) (74 SE 770) (1912). There is no contention that the $360,000 check was dishonored. So long as the check was honored, Citizens has received a $360,000 payment in its capacity as First Union's assignee and it would be immaterial that payment of the $360,000 promissory note Citizens received from Dr. Jones in its capacity as a lending institution "was not yet complete." The only material consideration would be whether Citizens has received satisfaction of the balance of the consent judgment through its additional acceptance of Stuckey's $100,000 promissory note.

It has long been the law of this state that a promissory note given in payment of a pre-existing debt will extinguish that pre-existing debt, when it is the express understanding of the parties that the promissory note shall have that effect. *Norton v. Paragon Oil Can Co.*, 98 Ga. 468, 470 (25 SE 501) (1896); *MacNerland v. Johnson*, 137 Ga. App. 541, 545 (3) (224 SE2d 431) (1976). The "Satisfaction of Judgment" filed by Citizens was

> prima facie evidence that the creditor has received payment of the amount of the judgment or *its equivalent*, and operates as an extinguishment of the judgment debt. It bars further proceedings on the judgment, except where the satisfac-

tion was procured . . . *on a condition that has not been performed.* . . .

(Emphasis supplied.) 47 AmJur2d 443, Judgments, § 1006. No "condition" was unperformed, since there was a tender to Citizens of the contemplated "equivalent" of payment in the form of an executed promissory note and Citizens accepted this tender.

[W]hen, as in this case, it was the *express understanding* of the parties, that the individual note . . . should be received in *full payment* of the [consent judgment], and which was then delivered up to [Citizens], it was a good and valid payment in law. [Cits.]

(Emphasis in original.) *Mims v. McDowell*, 4 Ga. 182, 185 (1) (1848).

Therefore, the terms of the promissory note and the maker's compliance therewith would be wholly immaterial here. All that would be material is that Citizens accepted the promissory note and the loan proceeds pursuant to an express agreement that the judgment against Stuckey for First Union's loss had been satisfied thereby. By so structuring the settlement of its claim against Stuckey for the uninsured loss suffered when it paid First Union, Citizens precluded itself from pursuing a claim for that uninsured loss against SSM. " 'Whether such damages as are here sued for arise by reason of a tort or the breach of a contract, they are given to the injured party as compensation for the injury sustained. (Cits.) . . .' [Cit.]" *England v. Ga.-Fla. Co.*, 198 Ga. App. 704, 706 (2) (402 SE2d 783) (1991). " ' "Damages are given as compensation for the injury done." "There can be but one satisfaction of the same damage or injury." ' [Cit.]" *Nannis Terpening &c. v. Mark Smith Constr. Co.*, 171 Ga. App. 111, 113 (1) (318 SE2d 89) (1984).

Citizens, as a lender, financed part of the satisfaction of the consent judgment against Stuckey and, as the assignee of that judgment, Citizens financed the remainder. Thus, as assignee of the consent judgment, Citizens has received from Dr. Jones loan proceeds of $360,000 and from Stuckey a promissory note of $100,000. Since the loss occasioned by Citizens' payment of First Union's claim has itself been fully satisfied, it follows that the Court of Appeals erroneously reversed the trial court's grant of SSM's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

FLETCHER, Justice, concurring.

As a result of a check-kiting scheme, Citizens suffered a loss of $460,000. Citizens seeks to recover this loss from its insurance broker, Saunders, Stuckey & Mullis, Inc. (SS&M) for having failed to obtain

coverage for the loss. Citizens had previously taken an assignment of a $605,460.02 judgment obtained against Talmadge Stuckey, a perpetrator of the scheme, by First Union, the scheme's primary victim. Citizens financed the payment of the Stuckey judgment and then filed a satisfaction of the judgment. The question in this case is whether the filing of a satisfaction of judgment against one of two wrongdoers operates as the single satisfaction permitted under OCGA § 9-2-4 and thus bars the suit against the other wrongdoer.

I agree with the majority that Citizens's suit against SS&M is barred. Citizens has acknowledged "full payment and satisfaction of" the judgment against Stuckey. Citizens's decision to finance the payment of Stuckey's judgment to it and to accept unsecured promissory notes as "full payment" does not change the legal effect of the satisfaction of judgment. Citizens's suit against SS&M is for the same loss represented by the judgment against Stuckey, which Citizens has marked "satisfied." Therefore, Citizens's suit is barred by the satisfaction of the earlier judgment.

I am authorized to state that Chief Justice Hunt joins in this concurrence.

DECIDED JUNE 12, 1995.

*Weissman, Nowack, Curry & Zaleon, Linda B. Foster, Frances R. Mathis,* for appellant.
*William S. Stone, Thomas E. Sasser III,* for appellee.