**In re ALLIANCE AEROSPACE, LLC, Debtor.**

No. 01–52973–JDW.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

April 19, 2002.

Wesley J. Boyer, Macon, GA, for Alliance Aerospace, LLC.

James P. Smith, Jerome L. Kaplan, Macon, GA, for Lucas Western, Inc.

Thomas C. James, III, Macon, GA, for G. William and Lori Northrup.

Hubert C. Lovein, Jr., Macon, GA, for Committee of Unsecured Creditors.

James Fagan, Atlanta, GA, for International Ass'n of Machinists and Aerospace Workers, AFL–CIO, its Local No. 2726 and the Employees, Members of the Local's Hourly Bargaining Unit.

Rufus T. Dorsey, IV, Atlanta, GA, for Keltic Financial Partners, LP.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Lori and G. William Northrup's Motion for Allowance of 11 U.S.C. § 502(e)(1) Claim and Recognition of Assignment Thereof Under Bankruptcy Rule 3001(e)(2). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). The Court, having held a hearing on the motion on March 12, 2002, and having considered the pleadings, the evidence, and the applicable authorities, enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

## FINDINGS OF FACT

On or about December 21, 2000, Alliance Aerospace, LLC borrowed $500,000 from Lucas Western, Inc. and gave Lucas Western a promissory note in the principal amount of $500,000. Several other related transactions also occurred on that date: Lori and G. William Northrup, the principals of Alliance Aerospace, gave Lucas Western a personal guaranty on the $500,000 note; Alliance Aerospace agreed to reimburse the Northrups for any payments made under the guaranty; and Alliance Aerospace gave the Northrups a second lien on certain equipment known as the Mazak equipment to secure the reimbursement agreement. The Northrups filed a financing statement in the Superior Court of Bibb County to perfect the lien.

Alliance Aerospace filed a Chapter 11 petition on July 16, 2001. On August 7, 2001, the Court authorized the sale of substantially all of Alliance Aerospace's assets, including the Mazak equipment. After the first lien on the Mazak equipment was satisfied, $180,312.51 in proceeds remained and are held in escrow by counsel for Alliance Aerospace. The Northrups filed a proof of claim in the case on November 19, 2001, asserting a contingent claim for their guaranty. On December 19, 2001, the Northrups gave Lucas Western a promissory note in the amount of $180,312.51 and paid the proceeds of the note to Lucas Western in partial satisfaction of their guaranty. Also on December 19, 2001, the Northrups executed an assignment of their claim against Alliance Aerospace to Lucas Western. Through the motion at issue, the Northrups seek to have their claim allowed as a secured claim and the assignment of that claim to Lucas Western recognized by the Court.

## CONCLUSIONS OF LAW

■ As guarantors of Alliance Aerospace's debt to Lucas Western, the Northrups are creditors of Alliance Aerospace with a contingent right to payment. *See* 11 U.S.C. §§ 101(5)(A), 101(10)(A).[1] The contingent claims of guarantors are governed by 11 U.S.C. § 502(e), which reads in pertinent part as follows:

---

1. Section 101(5)(A) defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C.A. § 101(5)(A) (West 1993). A creditor is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[.]" *Id.* § 101(10)(A). Although the Bankruptcy Code does not define "contingent" claims, the legislative history states that "[a] guarantor of or surety for a claim against the debtor will also be a creditor, because he will hold a contingent claim against the debtor." H.R.Rep. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) p. 310, U.S.Code Cong. & Admin.News 1978, pp. 5963, 6267, reprinted in Collier on Bankruptcy, App. Pt. 4(d)(i) (15th ed. rev'd 2001).

(1) Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured, the claim of a creditor, to the extent that—

. . .

(B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution;

. . .

(2) A claim for reimbursement or contribution of such an entity that becomes fixed after the commencement of the case shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) of this section, the same as if such claim had become fixed before the date of the filing of the petition.

11 U.S.C.A. § 502(e) (West 1993).

■■■ When the Northrups filed their proof of claim, their entire claim was contingent upon a demand by Lucas Western that they pay Alliance Aerospace's debt. When they made a postpetition payment of $180,312.51, their claim became fixed to the extent of the payment. *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 982, 990 (Bankr.S.D.N.Y.1992) ("A contingent claim becomes fixed and allowable to the extent that the co-debtor has paid the underlying claim."). Under 502(e)(2), their claim, to the extent of payment, is treated as a prepetition claim. In this case, it is a prepetition secured claim.[2]

The Unsecured Creditors Committee argues that the Northrups have not made the payment necessary to remove the contingency because no money has changed hands; therefore, the transaction is little more than "alchemy," a "hocus pocus" scheme to "magically transform" Lucas Western's unsecured claim into a secured claim. While the Court does not entirely disagree with the Committee's characterization of the transaction, the Committee's contention has no merit as a legal argument. As a general rule, "a promissory note given in payment of a pre-existing debt will extinguish that pre-existing debt, when it is the express understanding of the parties that the promissory note shall have that effect." *Saunders, Stuckey & Mullis, Inc. v. Citizens Bank & Trust Co.*, 265 Ga. 453, 455, 458 S.E.2d 337, 340 (1995). In *Saunders*, the court held that a judgment debt had been extinguished when the debtor gave the bank a promissory note for $100,000 and the bank filed a "Satisfaction of Judgment." *Id.; cf. A.M. Kidder & Co. v. Clement A. Evans & Co.*, 117 Ga.App. 346, 348, 160 S.E.2d 869, 872 (1968) (promissory note did not serve as payment because it was used only to evidence amount owed).

The Court is satisfied that the Northrups and Lucas Western understood the promissory note given by the Northrups to Lucas Western to serve as payment on the guaranty. Counsel for both parties acknowledged at the hearing that Alliance Aerospace's debt to Lucas Western was reduced by the amount of the note, and the Northrups incurred a debt to Lucas Western separate from the Alliance Aerospace debt and their guaranty. Furthermore, the facts in the present case are indistinguishable from a hypothetical scenario in which the Northrups borrowed $180,312.51 from a disinterested bank, gave the bank a promissory note, and paid the proceeds of the loan to Lucas Western. The source of

---

**2.** The validity of the Northrup's security interest in the Mazak equipment has not been challenged.

the funds does not render the payment ineffective.

The Northrups' contingent claim became fixed to the extent of $180,312.51 when they executed a promissory note in that amount in favor of Lucas Western in partial satisfaction of their guaranty. No valid basis for disallowing the claim has been advanced. As a result, the Northrups hold an allowed secured claim in the amount of $180,312.51.

■ The Northrups also have requested court approval for the assignment of their claim to Lucas Western. Bankruptcy Rule 3001(e)(2) governs the transfer of claims and requires court intervention only if the transferor objects.[3] In this case, because it is the transferors, the Northrups, who are attempting to validate the assignment, the Court need not decide whether to recognize the assignment. Therefore, the Court declines to rule on the portion of the Northrup's motion relating to the assignment.

An Order in conformance with this Opinion will be entered on this date.

---

**3.** Rule 3001(e)(2) reads as follows:

If a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 20 days of the mailing of the notice or within any additional time allowed by the court. If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor. If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.

Fed. R. Bankr.P. 3001(e)(2).